### REAVER v. WALCH.

(Court of Appeals of District of Columbia. Submitted December 8, 1924. Decided January 5, 1925.)

No. 4117.

1. **Municipal corporations** ⟐➔706(3)—**Pedestrian has burden of proving negligent operation of automobile.**

Pedestrian, suing automobile driver for injuries sustained when struck by automobile, had burden of proving that injuries resulted from driver's failure to exercise degree of care demanded by circumstances.

2. **Municipal corporations** ⟐➔705(2)—**Mutual rights and duties of pedestrian and automobile driver stated.**

Both pedestrian and automobile driver had right to use of streets, and each was required to exercise ordinary care, under the circumstances, to preserve their safety and to avoid injuries to the other.

3. **Municipal corporations** ⟐➔706(6)—**Evidence of negligence of driver of automobile, striking pedestrian, held insufficient for jury.**

Pedestrian's evidence, showing merely that she had been struck by defendant's automobile, that following accident she was lying in middle of street, and that driver stated immediately

after accident that she walked into and was struck by left front mud guard of automobile, without showing that defendant was driving at an unlawful speed, *held* insufficient for submission to jury of question of driver's negligence.

4. **Municipal corporations** ⟐➔706(3)—**Res ipsa loquitur doctrine held inapplicable to pedestrian's injuries by automobile.**

Where one witness for pedestrian, struck by automobile, testified that pedestrian was lying in middle of street in front of automobile, and that automobile was facing south, and other witness testified that she was lying in middle of street, near left rear mud guard, and that automobile was facing north, the doctrine of res ipsa loquitur was inapplicable, since neither testimony creates presumption of negligence on part of driver.

5. **Municipal corporations** ⟐➔705(10)—**Last clear chance doctrine held inapplicable to injuries to pedestrian by automobile.**

In action for injuries to pedestrian struck by defendant's automobile, in which there was no evidence tending to prove that driver had knowledge, or by exercise of ordinary care, could have acquired knowledge, that pedestrian was in position of peril prior to accident, doctrine of last clear chance was not involved.

Appeal from Supreme Court of District of Columbia.

Suit by Sarah A. Reaver against Serrelle L. Walch. Judgment for defendant, and plaintiff appeals. Affirmed.

B. L. Casteel and T. O. King, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and HATFIELD, Judge of the United States Court of Customs Appeals.

HATFIELD, Acting Associate Justice. The plaintiff brought suit in the court below to recover damages from the defendant for personal injuries suffered by her and alleged to have been occasioned by the negligent and unlawful conduct of the defendant in the operation of his automobile. It is averred in the declaration that, on January 25, 1923, plaintiff was walking on the sidewalk on Twelfth street, between O and P Streets Northwest, in the city of Washington, District of Columbia; that while thus engaged, and without negligence on her part, without warning or knowledge of the presence of defendant's automobile, and solely by reason of the negligence of the defendant in the operation of his automobile over and along Twelfth Street Northwest, she was struck by the automobile of the defendant and dragged for a long distance along the street, and thereby sustain-

ed serious and permanent injuries. Issue was joined upon the defendant's plea to the declaration of "not guilty."

On the trial the plaintiff testified that, on January 25, 1923, at about 8 o'clock at night, she left her home at 1312 Twelfth Street Northwest, in the city of Washington, District of Columbia, for the purpose of mailing a letter; that she remembered touching one of the pickets on the fence in front of her home, immediately after she had passed through and closed the gate leading thereto; that her next recollection was that she was in her room, in bed, and very severely injured. The coat she was wearing that night was torn on the right side, her right shoe torn at the vamp, and her eyeglasses were broken into several parts. She further testified to the severity and permanence of the injuries she sustained; that she was 71 years of age, and prior to the accident was able to earn her living expenses. She disclaimed any knowledge of ever having experienced "dizzy" spells.

Plaintiff's witness, Mary Neal, testified that about 8 o'clock in the evening, on January 25, 1923, she was walking south on Twelfth Street Northwest, near N street; that she heard a "crash," and immediately turned and ran up Twelfth street, and across N street, where she saw the plaintiff lying in front of an automobile, in about the center of Twelfth street; that the automobile was facing south towards N street; that two white men and a colored policeman carried plaintiff into her home. She did not see the accident.

J. W. Braxton (colored), a member of the metropolitan police department, was called as a witness by the plaintiff. He testified that on the night the plaintiff was injured he was standing on the northeast corner of Twelfth and N Streets Northwest; that defendant's automobile was traveling between 8 and 12 miles per hour, when it crossed N street, at the intersection of Twelfth street; that the traffic regulations limited the speed of automobiles to 6 miles per hour while crossing intersecting streets; that shortly after the automobile passed the witness he heard a "crash," or a "scream"; that he immediately turned and ran north on Twelfth street to the place where the accident occurred, which was about 27 yards north of N street, where he saw the plaintiff lying in the middle of the street, near the left rear mud guard of defendant's automobile; that the automobile of defendant was facing north. He further testified

that when he arrived at the place of the accident he inquired for the person who was operating the automobile when it struck plaintiff, and the defendant replied, "I am the one." The witness then inquired of the defendant as to how the accident occurred, and the defendant replied that the plaintiff walked into the automobile and was struck by the left front mud guard.

With this and other evidence as to the nature and extent of her injuries, plaintiff rested her case. Thereupon counsel for the defendant moved the court for a directed verdict, and the court directed the jury to return a verdict for the defendant. From the judgment entered thereon plaintiff has appealed.

[1] In order to sustain an action of the character brought by the plaintiff, it was necessary for her to establish by proper evidence that the injuries sustained by her resulted from the failure of the defendant to exercise the degree of care, in the operation of his automobile, demanded by the circumstances attending the occurrences of which she complains.

[2] The accident occurred in one of the public streets of the city. Each party had the right to the use of the street, and each was required to exercise ordinary care under the circumstances surrounding them at the time of the occurrences complained of in the declaration, to preserve his or her safety, and to avoid injury to the other.

The plaintiff established on the trial that she was severely injured by coming in contact with defendant's automobile. That she wholly failed to prove that her injuries resulted from the negligent acts or wrongful conduct of the defendant is evident from careful consideration of the testimony submitted by her. The only conflict in the evidence is as to the location of the plaintiff immediately after the accident.

The plaintiff's witness, Mary Neal, testified that she was at the place of the accident immediately after it had occurred, and that the plaintiff was lying in the middle of the street, in front of the automobile, and that it was facing south; while J. W. Braxton, a witness for plaintiff, testified that he was at the place of the accident immediately after he heard a "crash" or "scream," and that the plaintiff was lying in the middle of the street near the left rear mud guard of the defendant's automobile, and that the automobile was facing north.

This witness related a conversation he had immediately after the accident with the

defendant, in which he inquired as to "who was operating the automobile that struck the lady," and the defendant replied, "I am the one;" that he then asked the defendant how he came to strike the plaintiff, and the defendant stated that she walked into the machine and was struck with his left front mud guard, and that she was about in the middle of the street when she came in contact with the automobile. This is the only explanation presented as to how the accident occurred.

[3] The facts therein related are undisputed, and in the absence of evidence of negligent conduct by the defendant are consistent with the view that the defendant was exercising reasonable care and caution under the circumstances surrounding the parties at the time of the accident. The defendant was under no other legal obligation to the plaintiff.

[4] With regard to the conflicting explanations offered by the witnesses for the plaintiff as to her location immediately after the accident, we may say that either explanation may be accepted without raising any presumption of negligence on the part of the defendant. Therefore the doctrine of res ipsa loquitur cannot be invoked to aid the plaintiff. 29 Cyc. 623, 624.

[5] There is no evidence in the record tending to prove that the defendant had any knowledge, or by the exercise of ordinary care could have acquired the knowledge, that the plaintiff was in a position of peril prior to the accident, and accordingly the doctrine of the last clear chance is not involved in the case. 29 Cyc. 530, 531.

There is no evidence that the defendant was driving at an unlawful speed at the time and place of the accident; no evidence as to whether the street was lighted at that point or was in complete darkness. It may be inferred from the statements of the defendant, made immediately after the accident, that plaintiff was attempting to cross, and had reached the center of the street at the time she came in contact with the automobile. Did the defendant see her in time to have avoided the accident, or could he, by the exercise of ordinary care under the circumstances, have seen her in time, to have prevented plaintiff walking into the car?

These were some of the questions concerning which evidentiary facts might have been submitted on the trial. Had such evidence been introduced, issues of fact may have been presented requiring determination by a jury. The record presents quite a different state of facts.

The judgment is affirmed.

Affirmed.