**SCHEAR v. LUDWIG et al.**

No. 8427.

United States Court of Appeals

District of Columbia.

Argued May 2, 1944.

Decided May 15, 1944.

Messrs. Milton Conn, of Washington, D. C., and Thomas M. Baker, of Washington, D. C., for appellant.

Messrs. Albert F. Beasley and Eugene X. Murphy, both of Washington, D. C., for appellees.

Mr. J. Ninian Beall, of Washington, D. C., also entered an appearance for appellees.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This appeal is from a judgment upon a verdict for the defendants in an action for personal injuries. The defendants' automobile collided with the plaintiff, a pedestrian, at a crosswalk. Plaintiff was a woman about seventy years of age. There was ample evidence of negligence and con-

tributory negligence. The court instructed the jury to find for the defendant if they found that both plaintiff and the defendant driver were negligent and that the negligence of each was a cause of the accident. The plaintiff requested, and the court refused, an instruction to the effect that contributory negligence on the plaintiff's part would not bar her recovery if the jury found the following additional facts: "1. That the plaintiff was in a position of danger. 2. That the plaintiff was oblivious to danger or unable to extricate herself from her position of danger. 3. The driver of the automobile was aware, or by the exercise of reasonable care should have been aware, of plaintiff's danger and obliviousness or inability to extricate herself from danger. 4. The driver of the automobile with the means available to him was able to avoid striking the plaintiff after he became aware, or should have become aware, of her danger and obliviousness or inability to extricate herself from danger and failed to do so."

■ The requested instruction stated the last clear chance doctrine substantially as this court has stated it.[1] To be complete in itself it should have repeated, after the word "able" in proposition 4, the words "by the exercise of reasonable care" or equivalent words. But the requested instruction presupposed findings that both parties were negligent, and negligence was duly defined in other instructions which the court gave. In these circumstances we think we should hold, in the absence of any contention to the contrary, that the requested instruction in its context was a sufficient statement of the last clear chance rule.

■ The court refused the instruction on the ground that the case did not involve the doctrine of last clear chance. But as defendants themselves say in their brief, there was a question of fact "which version of the collision was correct, with the plaintiff contending that she was walking (without stopping) across the street in the cross-walk and was struck by the defendants' automobile; and with the defendants contending that, as the automobile approached, the plaintiff had stopped in the street and was standing in a safe position, and that, when the automobile was only about ten feet from her, she started moving and walked into the side of the automobile." If, as the jury might have found, the plaintiff's version was true, she was not only walking continuously but was also "looking down" continuously and did not look in the direction of the car from the time she entered the street until after the accident. In that case her danger and her obliviousness to it might have been apparent to the driver of the car in the exercise of reasonable care on his part. The jury might have found that the driver had ample opportunity to see the plaintiff and, in the exercise of reasonable care, to avoid the accident. Accordingly we think the requested instruction should have been given.

■ Defendants' car was driven near the left-hand curb of a one-way street. The driver testified that he intended to turn left at the next corner. This evidence would have supported a finding either way on the question whether he violated an ordinance which requires drivers in one-way streets to keep as close as practicable to the right-hand curb "except * * * when placing a vehicle in position to make a left turn." But violation of the ordinance was immaterial, since the accident did not result from a "hazard which the ordinance was intended to avoid."[2] It was not intended to avoid the general hazards of the street, but such special hazards as a driver creates or increases by keeping to the left instead of the right. Since the plaintiff was not injured by any such special hazard, her requested instruction with regard to the ordinance was rightly refused.

Reversed.

---

[1] Jackson v. Capital Transit Co., 69 App.D.C. 147, 149, 99 F.2d 380, certiorari denied 306 U.S. 630, 59 S.Ct. 464, 83 L.Ed. 1032. Cf. Stewart v. Capital Transit Co., 70 App.D.C. 346, 108 F. 2d 1.

[2] Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 15. Cf. Boronkay v. Robinson & Carpenter, 247 N.Y. 365, 160 N.E. 400.