HOCHEISEN v. SMITH et al.

No. 9252.

United States Court of Appeals

District of Columbia.

Argued Nov. 26, 1946.

Decided Dec. 9, 1946.

Messrs. Earl H. Davis and A. Arvin Lynn, both of Washington, D. C., for appellant.

Mr. Paul J. Sedgwick, of Washington, D. C., for appellees. Mr. William B. O'Connell, of Washington, D. C., also entered an appearance for appellees.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

This is an appeal from a judgment of the District Court in a civil action for damages alleged to have resulted from a collision of two taxicabs. Appellant was plaintiff below. A jury returned a verdict for defendants, and the court entered judgment thereon.

The parties agreed that there was a collision, that it occurred on Massachusetts Avenue, Northwest, and that both cars were going west, approaching the intersection with 7th Street. There is a streetcar loading zone, indicated by painted lines and raised "buttons", at the spot. Beyond these facts, the parties disagreed completely. Plaintiff said that he was proceeding in a line of traffic at a proper distance behind the car ahead of him, that he stopped when the traffic light changed, and that after he had been standing for almost a minute, defendant-driver rammed into the rear of his car. He said that defendants' car had no brakes. Defendant-driver said that she was proceeding in a line of traffic about 20 feet behind the car ahead; that plaintiff came up on the street-car tracks, passing alongside the line of moving automobiles; that as he approached the loading zone he cut quickly to his right, into the line, ahead of her, that the light changed at that moment and he slammed on his brakes and stopped. She said that her brakes were in good order, that she applied them instantly, and that she barely bumped plaintiff's car. There were other total contradictions in the testimony.

Defendants prayed for an instruction on contributory negligence, which prayer was granted. Plaintiff prayed for an instruction on last clear chance, which was denied. Because of that denial, he appeals.

We agree with the trial court. The jury could believe either version of the incident. If they believed plaintiff, the collision was due to the negligence of defendant-driver and to nothing else. If they believed defendant-driver, the collision was due to the act of plaintiff, and the facts recited by defendant-driver left no room for applying the doctrine of last clear chance. If plaintiff did what defendant-driver said he did, he was not oblivious to his danger; he was not unable to extricate himself therefrom, because he delib-

erately injected himself into that position, and defendant-driver had no reasonable opportunity to avoid the collision.[1] Three of the four elements constituting the basis for the doctrine of last clear chance were absent. Automobile drivers in crowded traffic cannot recklessly disregard the essentials of careful driving and throw upon others the whole burden of protecting all persons potentially involved, under penalty of liability for the ensuing damages. The doctrine of last clear chance applies only under proper circumstances. The trial courts are correct when they decline to inject into a case a proposition which has no reasonable basis in fact and which could serve no purpose except to give a callous and reckless driver a chance to avoid the consequences of his own wilful disregard of the rights of others.

Appellant-plaintiff says that defendants' version of the incident is contradicted by their insurance company's report of it, in that it was there stated that the "other car" was 20 feet away "when [she] first saw it." The report was not sworn to, was not presented by a witness, was not used for impeachment purposes, and, in any event, the meaning of the cited extract is not so clear as to constitute a contradiction of the sworn testimony.

Affirmed.

---

[1] Schear v. Ludwig, 1944, 79 U.S.App. D.C. 95, 143 F.2d 20.

