676

**WHITE v. CORBETT et al.**
No. 457.

Municipal Court of Appeals for the
District of Columbia.
March 7, 1947.

Oliver W. Cosey, of Washington, D. C., for appellant.

Paul J. Sedgwick, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff sued defendant for property damage growing out of an automobile accident. The trial court, sitting without a jury, gave judgment for defendant on the ground that plaintiff was guilty of contributory negligence. Plaintiff has appealed.

The accident occurred at an intersection early in the morning when the streets were wet. The effect of the evidence was that plaintiff entered the intersection first and defendant was negligent in failing to yield the right-of-way. At the conclusion of all of the evidence, and after plaintiff had testified that he "was doing" 30 miles an hour, the trial court, according to the statement of proceedings and evidence before us, "ruled and found as follows: 'You (plaintiff) admit that you were exceeding the speed limit, so you are guilty of contributory negligence. You know what the rule is: Where the plaintiff is guilty of the slightest negligence he can not recover. I must find for the defendant.'"

The single point raised on this appeal is that the trial court in making the foregoing ruling applied an erroneous prin-

ciple of law in that the question of proximate cause was not considered. The correct rule in such cases is elementary. The fact that one is violating a statute or ordinance such as the 25 miles-an-hour speed limit regulation of the District of Columbia at the time of receiving injuries or property damage is not conclusive of his contributory negligence so as to bar his recovery. In other words, while such a violation constitutes negligence per se, in order that it may be available as a defense it must further be shown that it was a proximate cause of the accident or contributed to it.

The only question we must decide, therefore, is whether the ruling complained of, made under the circumstances described, was error. The trial court, unless requested to do so, was not bound to make any findings of fact or state conclusions of law. Furthermore, if a conclusion of a trial court is correct even though the reason or ground stated may be erroneous, it is our duty to affirm the judgment.[1] The latter rule, however, applies only to questions of law, not to questions of fact, and thus would be applicable here only if the conclusion reached were compelled by the evidence.

Here the burden of proving contributory negligence on the part of plaintiff was on defendant. The evidence showed plaintiff was proceeding north on 18th Street and that the front of his automobile was about even with the north curb of K Street when it was hit about opposite its right rear wheel by defendant's car, which was proceeding west on K Street. K Street at this point is about 50 feet wide and 18th Street from 35 to 40 feet wide. Defendant testified he did not see plaintiff's car until after he was in the intersection. Defendant said he was going at 20 miles per hour and had slowed before entering the intersection. As already indicated, plaintiff said he was proceeding at 30 miles an hour at the time of the collision. He, too, testified he looked both ways and did not see defendant's car. The trial court obviously had to choose between these stories, since the evidence was conflicting.

We have no doubt that, in view of this evidence, the trial court could have found as a fact that plaintiff's negligence in entering the intersection on a wet street at 30 miles an hour was a proximate cause of the accident. We are equally clear, however, that the testimony did not *compel* such a finding as a matter of law since reasonable men might have differed as to the ultimate facts to be deduced from the evidence on the question of proximate cause.

Such decisions involve mental processes on the part of the trier of the facts. Mental processes in such a case can only be judged by what is said. If a trial judge instructed a jury only that if "plaintiff is guilty of the slightest negligence he can not recover," this would be the clearest sort of error, because the necessary element of proximate cause would have been omitted from the instruction. It is necessary that a judge, trying a case without a jury, go through the same mental processes as must the jury. If the trial judge, when no findings are requested, remains silent, we presume the necessary mental processes have been followed just as the same presumption follows from a general verdict of a jury. Here, however, the statement of the trial judge indicates no finding of proximate cause was made, even mentally.

We emphasize that the trial court's ruling and finding as to contributory negligence was not merely an incomplete or sketchy statement of the law but a wholly erroneous one. It misstated the law of contributory negligence because it completely ignored the element of proximate cause. We have no right to restate the finding, to supply the omission or to read into the judge's statement something which was not there. We cannot, without perpetrating an injustice upon the plaintiff, prop up the decision of the trial court by supplying supports which were not there when the case was decided. To do that we would have to draw on our imagination to declare what the judge meant and to say that the pronouncement from the bench really embraced theories which were not even mentioned. This we cannot do. The error is so basic as to vitiate the finding

---

[1] Simpkins v. Brooks, D.C.Mun.App., 49 A.2d 549.

and it cannot be corrected except by a reversal and a new trial.

Reversed, with instructions to award a new trial.

HOOD, Associate Judge (dissenting).

I agree that the statement of the trial court at the conclusion of the evidence was possibly inadequate from a strictly technical viewpoint, in that it omitted any reference to plaintiff's negligence as a proximate cause of the collision.[1] However, there is implicit in the statement a finding that plaintiff was guilty of contributory negligence, i. e., that plaintiff's negligence was a contributing factor to the collision.

The trial court was not delivering a treatise on the law of negligence, was not charging a jury, and was not even making formal findings of fact and conclusions of law. The remarks were addressed to counsel and in effect were no more than an announcement that plaintiff was denied a recovery because of his own contributory negligence. To construe the remarks as representing the complete mental processes of the court in arriving at its decision is, in my opinion, both unrealistic and unfair, and will serve to discourage a trial court, sitting without a jury, from giving counsel any explanation of its finding, lest such explanation on critical examination be found technically deficient in some particular.

We ought not to assume that the trial court ignored, or was ignorant of, the elementary principles of the law of negligence. If counsel had any doubt in that regard, requested rulings of law could have been presented before final submission. Instead, counsel saw fit to submit the case without argument.

I think it is clear that the trial court, having considered the evidence, determined the fact of proximate cause, and the remarks were merely in the nature of a general finding for the defendant. Such a finding, on the record before us, ought to be sustained.

[1] Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied, 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080; Schear v. Ludwig, 79 U. S.App.D.C. 95, 143 F.2d 20, certiorari denied, 323 U.S. 734, 65 S.Ct. 72, 89 L. Ed. 589; Herndon v. Higdon, D.C.Mun. App., 31 A.2d 854; Eclov v. Dalton, D. C.Mun.App., 38 A.2d 661.