**BROWN et al. v. SAUNDERS.**

No. 1213.

Municipal Court of Appeals for the District of Columbia.

Argued May 26, 1952.

Decided June 17, 1952.

Andrew W. Carroll, Washington, D. C., for appellants.

Howard J. McGrath, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellants Brown and Jackson, defendants below, were sued by appellee Saunders for damages arising from a collision at a street intersection. Appellant Brown, who was the owner of a truck operated by Jackson, filed a counterclaim. Trial by the court, without a jury, resulted in a finding and judgment on both claims for Saunders.

At the time of the accident the weather was clear and visibility good. The plaintiff testified that he was proceeding east on Neal Place until he came to the intersection at Fifth Street and "I stopped at the stop sign and looked to my right and left and saw no automobile approaching and proceeded in first gear, and as I got into the middle of Fifth Street and could see about 100 feet or 150 feet down Fifth Street, I did not see any car coming until I was ¾ through the intersection and felt a terrific impact on the right rear portion of my car, which knocked my car so that it was headed in a southerly direction with the front wheels on the south curb of Neal Place east of the intersection." Plaintiff further estimated his speed to be between eight and ten miles an hour at the time of the accident and further stated upon cross-examination when asked if he did not see defendants' automobile when he stopped in the middle of Fifth Street and looked up and down the street, "I did not stop in the middle of the street. I just glanced up and down, you know how a person does. I didn't see any cars coming." When asked if he could have seen down Fifth Street all the way to Florida Avenue, a distance of two blocks, he replied: "If I had looked good I think I could have, but I just glanced up and down the street." He categorically denied that he had seen the defendants' car prior to the collision. The effect of plaintiff's testimony was that he completely stopped at the stop sign on Neal Street before proceeding into the intersection; that he did not see any cars coming in either direction; that he proceeded into the intersection and when he was approximately halfway through he glanced both to his left and to his right without seeing any automobiles. He then proceeded another nine feet and was struck by the defendants' car in the right rear of his own vehicle.

The plaintiff's testimony was corroborated by a police officer who investigated the

accident and who testified that the plaintiff's automobile was to the east of the intersection heading in a southerly direction; that he was able to determine the approximate point of impact of the two vehicles, which he placed at 44 feet east of the west curb line of Fifth Street and 11 feet north of the south curb line of Neal Place; that Neal Place at the intersection of Fifth Street is 35 feet wide and Fifth Street at this point is 70 feet wide; that there was a stop sign controlling traffic moving on Neal Place in an easterly direction but no traffic controls for traffic on Fifth Street at this intersection.

The defendant Jackson testified that he was proceeding north on Fifth Street, and when he was about 15 or 18 feet from the intersection of Neal Place the plaintiff's automobile entered the intersection and that the first view that he had of the plaintiff's automobile was when the plaintiff was approximately half way in the intersection and that he immediately applied his brakes and swerved his car to the right in an effort to avoid the collision and that the plaintiff continued to cross the intersection without changing his speed or direction. Jackson also testified that a row of tractor trucks, which he thought to be about 40 feet long, were parked at right angles along both sides of the curb lines of Fifth Street from Neal Place one block south.

At the conclusion of plaintiff's evidence defendants moved for a finding in their favor contending that the plaintiff was guilty of contributory negligence and was therefore barred from recovery. This motion was denied. At the close of all the evidence the defendants renewed this motion, which the court again denied and entered a trial finding for the plaintiff. The defendants subsequently made a motion for a new trial and requested the court to enter written findings of fact and conclusions of law. The trial court denied a new trial but entered written findings of fact and conclusions of law. It it these findings which the defendants now assign as error.

The trial judge specifically stated in his trial findings that the plaintiff brought his automobile to a complete stop at the stop sign on Neal Place; that he looked to his right and left; that his vision to his right was partially obstructed by trucks parked on Fifth Street but he was able to see 100 to 150 feet in a southerly direction on Fifth Street; that there were no vehicles approaching the intersection from 100 to 150 feet; that the plaintiff was about two-thirds through the intersection when the defendants' automobile struck the plaintiff's automobile at or about the right rear side. These findings of fact are inconsistent with the evidence as shown by the statement of proceedings and evidence. In the statement of proceedings and evidence certified to us by the trial court and by which we are bound, the plaintiff stated, "I stopped at the stop sign and looked to my right and left and saw no automobile approaching and proceeded in first gear, and as I got into the middle of Fifth Street and could see about 100 feet or 150 feet down Fifth Street, I did not see any car coming * * *." The trial court's finding that the plaintiff could see 100 to 150 feet down Fifth Street from his position at the stop sign has no support in the evidence, and on this ground alone the case must be reversed. However, the trial court in its conclusions of law stated that there was no negligence on the part of the plaintiff in the operation of his automobile which could have contributed to the accident or the collision. But again the facts as set forth in the statement of evidence do not support this conclusion, for as was stated in Brown v. Clancy, D. C. Mun. App., 43 A.2d 296, 298. " 'When a litigant has a duty to look and testifies that he did look but did not see what was plainly to be seen, such ineffectual looking has no more legal significance than if he had not looked at all.' * * *. He may not merely look— he must look observantly and with effect. And if he fails to see what the evidence conclusively shows is there to be seen, the law imposes a penalty for his lack of care— it declares him contributorily negligent and bars recovery for his injuries."

Reversed, with instructions to award a new trial.