Sylvia P. LEWIS, mother and next friend of Glenn Edward Jarrell, a minor, Appellant,

v.

Paul MERZELL, Appellee.

No. 1684.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 19, 1955.

Decided Oct. 26, 1955.

W. Byron Sorrell, Washington, D. C., with whom Cullen B. Jones, Jr., Washington, D. C., was on the brief, for appellant. Gerard P. Fleischut, Washington, D. C., also entered an appearance for appellant.

William H. Clarke, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, plaintiff below, sustained injuries as a result of a collision with appellee's truck while allegedly standing on a streetcar loading platform. After a jury trial there was a verdict and judgment for defendant. The facts as gathered from the record are as follows: Plaintiff and a companion were crossing in the crosswalk from the east sidewalk of E Street at 9th Street, N.W. to the west side and as they approached the streetcar tracks, the traffic light changed from amber to red. Observing this, plaintiff and his friend walked south to the loading platform for northbound streetcars and stood facing west or northwest. Plaintiff testified that his

companion was on his left and that they were standing on the west edge of the platform; that they were talking and joking about an advertisement displayed in one of the stores on the west side of 9th Street when he felt something strike his legs but that he at no time saw defendant's truck, nor did he remember anything until he regained consciousness in the hospital. His companion corroborated plaintiff's statement concerning their location on the platform and said that he heard a sound like a tire rubbing against the side of the loading platform; that he felt something brush against his trouser leg and saw plaintiff fall, his body coming in contact with the right rear fender of the truck, but that he never saw the truck strike plaintiff.

Defendant testified that he was traveling north on 9th Street on the left side of the loading platform, which was permissible at that location; that he slowed down to approximately fifteen miles per hour as he approached the intersection preparatory to making a left turn on E Street; that as he approached he saw two men standing on the loading platform towards the center; that he heard a "bang" on the rear of the truck on the right side followed by shouting, and stopped. He found plaintiff lying in the street and noticed that the front of his truck was two feet beyond the north end of the platform, its wheels resting on the streetcar tracks. He heard plaintiff's companion tell the police officer that they were going to cross the street when the back fender of the truck hit plaintiff. He testified that it was the companion who pointed out to the officer the brush marks on the right rear fender; that no brush marks were found on the bumper, right front fender, or the door.

The police officer testified that on his arrival he observed plaintiff lying on the northbound streetcar platform; that defendant identified himself as the driver of the vehicle involved in the accident; that he determined the point of collision to be twenty-five feet south of the south curb of E Street, N.W. and not in the crosswalk, and that he had been able to ascertain the point of collision by asking plaintiff, who had pointed to a place west of the loading platform. Photographs were introduced showing that there was a brush mark on the right rear fender. There was no substantial conflict in the evidence except as to the location of the plaintiff at the time of the injury.

The only errors assigned relate to the court's instructing the jury on contributory negligence and its refusal to instruct on the rule of last clear chance.

■ We think the court, in view of all the evidence, was justified in instructing the jury on contributory negligence. The jury might have reasonably concluded, as apparently they did, that plaintiff, either while in the course of crossing the street or while gazing at an advertisement and joking with his companion, started to leave the loading platform and walked into the right rear fender of the vehicle. Appellant contends that an instruction on the issue of contributory negligence is not justified unless some evidence is introduced in support of the issue; however, it has been stated that " * * * whenever there is uncertainty as regards the existence of negligence on the one hand, and of contributory negligence on the other, the issue must be submitted to the determination of the jury." [1] We decided just recently in Singer v. Murphy, D.C.Mun.App., 109 A.2d 379, 380, and cases cited therein, "that where the evidence and the inferences which may be drawn from it are conflicting the issues of negligence, contributory negligence, and proximate cause are for the triers of the fact."

■ Appellant urges that we take cognizance of the statement in Evans v. Capital Transit Co., D.C.Mun.App., 39 A.2d 869, 870, that "plaintiff had a right to be on the loading platform and to think that he was 'in a place of safety'". It is not to be denied that plaintiff had a right to be

1. Glaria v. Washington Southern Ry. Co., 30 App.D.C. 559, 563, 564; Conger v. Baltimore & O. R. Co., 31 App.D.C. 139.

on the platform and also to believe he was in a place of safety, but this does not mean that he was absolved from exercising due care for his own safety. The determination of whether the injured party exercised the requisite degree of care has a direct bearing on whether he was contributorily negligent and consequently where the facts reflect uncertainty as to this issue it must be submitted to the jury.

With regard to the second assignment of error concerning the court's refusal to instruct on the doctrine of last clear chance, we hold that this doctrine applies only under proper circumstances and we believe the court was correct when it refused to interject in this case a proposition which had no foundation in the evidence.[2] It is not for every plaintiff who has been contributorily negligent to seek refuge in the doctrine of last clear chance. As stated in Dean v. Century Motors, 81 U.S.App.D.C. 9, 10, 154 F.2d 201, 202:

> " * * * The doctrine presupposes a perilous situation created or existing through the negligence of both the plaintiff and the defendant, but assumes that there was a time after such negligence had occurred when the defendant could, and the plaintiff could not, by the use of means available, avoid the accident. It is not applicable if the emergency is so sudden that there is no time to avoid the collision, for the defendant is not required to act instantaneously." [3]

In order for plaintiff to invoke this doctrine, he must show that the defendant had knowledge of the peril in which the plaintiff was placed and that there was a time after acquiring such knowledge in which he could save him from impending danger.[4] Here the plaintiff, according to his own testimony, was standing on a loading platform, a place of comparative safety, and up to the moment of collision had never seen the vehicle. There is no evidence in the record tending to prove that the defendant had knowledge, or by the exercise of ordinary care could have acquired knowledge, that the plaintiff was in a position of peril or that there was anything he could have done to prevent the collision. Further, there was no evidence to indicate that defendant was lacking in attention to his duties or that he did not have his vehicle under complete control, or that he was driving in excess of a lawful rate of speed. To apply the doctrine of last clear chance under circumstances such as these would be to impose upon the driver of a vehicle a duty impossible of accomplishment.

Affirmed.

2. Hocheisen v. Smith, 81 U.S.App.D.C. 323, 158 F.2d 100; Johnson v. Yellow Cab Co., D.C.Mun.App., 93 A.2d 566.

3. See also Capital Transit Co. v. Grimes, 82 U.S.App.D.C. 393, 164 F.2d 718; Landfair v. Capital Transit Co., 83 U.S. App.D.C. 60, 165 F.2d 255; Johnson v. Yellow Cab Co., supra.

4. Reaver v. Walch, 55 App.D.C. 159, 3 F. 2d 204; Landfair v. Capital Transit Co., supra.