Daniel J. B. BIERMAN and Irma H. Bierman, Appellants,

v.

Matt SLONE, Jr., Appellee.

No. 1941.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 25, 1957.

Decided April 24, 1957.

---

1. See Wheeler v. Burger, D.C.Mun.App., 126 A.2d 869.

Leonard B. Sussholz, Washington, D. C., with whom Marvin P. Sadur, Washington, D. C., was on the brief, for appellants. Jerome H. Simonds, Washington, D. C., also entered an appearance for appellants.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant Daniel Bierman sued to recover for property damage and personal injuries sustained in an automobile collision with appellee Slone's vehicle. His wife, as co-owner of the car, joined in the action and also sued for loss of consortium. Slone filed an answer and counterclaimed for his damages. The case was tried to the court without a jury and judgment was entered for Slone on the Biermans' principal claim. Mrs. Bierman was granted recovery for loss of consortium only, and a finding was entered for the Biermans on the counterclaim. The Biermans appealed.

The case involved the usual questions of negligence and contributory negligence. At trial Daniel Bierman testified that about midnight on March 19, 1956, he was traveling south on 34th Street, N. W., toward Massachusetts Avenue. When he was a half or a third of a block away from the intersection, the traffic light facing him changed from red to green and he slowed down to 15 miles per hour in order to make a left turn. He stated that as he approached, he thought he saw a westbound vehicle waiting for the light but he could not identify it as Slone's automobile. He entered the intersection, saw a flash of light to his left, and was struck toward the left side of the front of his car.

Slone's version of the incident was that he was driving in a westerly direction on Massachusetts Avenue at 25 miles per hour. When he was 25 or 30 yards from the 34th Street intersection, he observed that the green arrows for both right-turning and through traffic were illuminated. When he was about 20 to 25 feet away, he first saw Bierman's automobile halfway in the intersection and applied his brakes lightly, expecting that Bierman would stop because the light was against him. He proceeded into the intersection, struck Bierman's car, temporarily lost control of his own, and traveled some distance before he could stop. A passenger in his automobile generally corroborated his testimony. Other evidence was offered by both parties but we have stated sufficient facts to supply background for the questions raised here.

The court made findings of fact and conclusions of law. It found that as Bierman neared 34th Street and Massachusetts Avenue,

"* * * he was slowing down trying to catch the green light as it turned from red to green. ' * * * He failed to observe oncoming traffic from his left, although he saw car lights which were those of defendant's automobile, or defendant's automobile at that time was so close it should have been seen by plaintiff * * *."

The court further found that Slone

"* * * was driving his automobile within the speed limit; the traffic light

facing him was a green arrow, with the light about to turn to red, and in the effort to pass through the intersection before the light changed, he failed to slow down at the said intersection, or to bring his car under control to stop if necessary."

The court then held that Bierman "was guilty of contributory negligence when he failed to see defendant's automobile;" that Slone was negligent because he breached his duty "[to enter] the intersection slowly and cautiously, to look observantly and with effect, and to yield the right of way to plaintiff * * * [and] accordingly" denied recovery to any of the parties on the principal claim.

On appeal the Biermans first contend that the court erred in entering judgment against them on the finding of contributory negligence in the absence of any finding that such contributory negligence was a proximate cause of the accident, citing White v. Corbett, D.C.Mun.App.1947, 51 A.2d 676, 677. In that case the trial judge orally held that a plaintiff who violated a statute by exceeding the speed limit was guilty of contributory negligence, and then denied recovery without any consideration of the element of proximate cause. In reversing, we stated, Judge Hood dissenting, that although the trial court *could* have found as a fact that the violation of the statute was a proximate cause of the accident, nevertheless, "the testimony [in the case] did not *compel* such a finding as a matter of law since reasonable men might have differed as to the ultimate facts to be deduced from the evidence on the question of proximate cause."

█ We do not believe that the rationale of the White case is present in the instant case. It is true that here there was no finding of proximate cause; however, unlike the White case, there were additional findings, i. e., that Bierman failed to keep a proper lookout or observe Slone's car, and that the traffic light favored Slone. We think that, having made these findings,

the trial court impliedly found that Bierman's negligence was a proximate cause of the accident. We cannot hold that the omission here was serious enough to justify reversal.

█ The Biermans also argue that the court's decision holding Daniel Bierman contributorily negligent was contrary to the laws of physics and certain supposedly uncontradicted physical facts; that because of these facts, Bierman, the "favored" motorist, could not have seen Slone's automobile, or in the alternative, that Slone had the last clear chance to avoid the collision, and consequently his conduct amounted to intentional wrongdoing. In our opinion, certain vital facts as to distances, speeds, and which party was favored by the light, were strongly contradicted, and we need not elaborate on the well-established law that where there is a conflict, it must be resolved by the court if sitting without a jury. While some facts do not appear in the narrative account of the proceedings certified by the trial judge, it is quite apparent that Bierman had one story and Slone another, and the judge could well have concluded that both were trying to "beat the lights." As this court stated in Kuzminsky v. Wagner, D.C.Mun.App.1952, 87 A.2d 411, 412:

"* * * Testimony of the parties does not have to be accepted at its face value. Even though not directly contradicted, it is nearly always controverted by inconsistency of the two versions. Testimony as to time, speed and distance is usually approximate and often shaded in favor of the testifying party. The trier of the facts, whether court or jury, must weigh the credibility of the witnesses, consider the surrounding circumstances, draw inferences, and reach a conclusion as to the preponderance of the evidence. * * *"

We cannot hold as a matter of law, merely on the basis of mathematical calculations and certain physical facts, that

Bierman was not guilty of contributory negligence or that Slone had the last clear chance to avoid the accident, and disregard entirely the other evidence in the case.

We find no merit in the other assignments of error.

Affirmed.