**Thomas J. SCHWAB, Appellant,**

**v.**

**Louis L. PRAWDE, in his own right and to the use of STATE FARM MUTUAL INSURANCE COMPANIES, a corporation, Appellee.**

No. 1950.

Municipal Court of Appeals for the District of Columbia.

Argued March 18, 1957.

Decided April 24, 1957.

Howard J. McGrath, Washington, D. C., for appellant.

Eugene B. Paulisch, Washington, D. C., for appellee. Thomas J. Ahern, Jr., Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This suit arose out of a collision between two automobiles at a street intersection. Each party alleged the other was negligent and each sought damages. The trial court found that appellant, defendant below, was negligent and that plaintiff was not, and awarded judgment accordingly.

On appeal defendant first urges reversal because the trial judge's decision was supposedly based on a misapprehension of the import of the testimony. According to the statement of proceedings and evidence plaintiff testified that he was driving in a northeasterly direction on Alaska Avenue. As he was approaching the acute angle intersection with Hemlock Street he first saw defendant's eastbound vehicle three-fourths of a car length in the crossing. He applied

his brakes but was unable to avoid striking defendant, who was attempting to make a left turn onto Alaska Avenue. Defendant's testimony was that he stopped at the stop sign controlling eastbound traffic on Hemlock Street. From that position he could not see any traffic to his right on Alaska Avenue because of a small hill on the corner. He testified that

"* * * he proceeded slowly into the intersection until he got about one-half of his car into the intersection and looked to his right up Alaska Avenue and as far as he could see up to the crest of the small hill which he judged to be a distance of 200 yards, there was no traffic; he then proceeded to continue his left turn [and was struck by plaintiff's car] * * *."

At the conclusion of the evidence the judge orally found that

"The two witnesses for the plaintiff stated that as they approached the intersection they saw the defendant near the southwest corner of the intersection of Hemlock and 13th Street. The defendant testified that when he was stopped at that place he looked to his right on Alaska Avenue and that he could see 200 yards in that direction. He said that he did not see any traffic when he looked in that direction, so he proceeded across the intersection and his car was hit.

The facts in this case show that the defendant had a duty to look to his right on Alaska Avenue and that he did not do so. The rule of law is: where a party, approaching an intersection is bound to stop and look for traffic on the street he intends to enter, testifies that he stopped, looked and saw no traffic and then proceeded across the street and is immediately struck such facts show that he did not use the care he should have used and that he is negli-

gent. I hold that the defendant was negligent and the plaintiff was not. Judgment for plaintiff on the original claim and on the counter-claim."

■ Defendant's argument is that the trial court apparently thought he testified that he could see up Alaska Avenue from his position at the stop sign, whereas his statement actually was that he could not see until he had moved his car partially into the intersection; and since the judge based his decision on a misapprehension of the evidence, it should be reversed, citing Brown v. Saunders, D.C.Mun.App.1952, 89 A.2d 632, 633. However, a careful study of the judge's statement convinces us that his mention of the defendant's stopping "at that place" referred not to his position at the stop sign but to his position part way in the intersection; and while defendant did not actually testify to a second stop in the intersection, we think that such an inference could have easily been drawn from all the evidence. The Brown case, involving a similar factual situation, is distinguishable in that there the trial judge clearly indicated that he thought the party who stopped at the stop sign had stated he could see for some distance to his right, although the testimony was otherwise.

■ Defendant's second assignment of error is that the court should have held plaintiff guilty of contributory negligence as a matter of law in view of his admission that he was exceeding the speed limit just prior to the collision, and that the "hazard" thus created by his violation of a statute necessarily was a proximate cause of the collision. The short answer to this contention is found in the case of Bierman v. Slone, D.C.Mun.App., 131 A.2d 398, decided this day, in which we again restated the familiar rule that whether a violation of a statute does constitute a proximate cause of the injury is a factual issue to be resolved by the trial court. We find no error.

Affirmed.