**838**

AMERICAN BRIDGE DIVISION, UNITED STATES STEEL CORPORATION, Libelant (Appellee),

v.

ROEN STEAMSHIP COMPANY, a corporation, and The Diesel TUG JOHN PURVES, her engines, boilers, etc., Respondents (Appellants).

No. 14284.

United States Court of Appeals Seventh Circuit.

March 9, 1964.

Sparkman D. Foster, Foster, Meadows & Ballard, Detroit, Mich., Kluwin, Dunphy, Hankin & Hayes, Milwaukee, Wis., for respondents-appellants.

Robert G. McCreary, Jr., Cleveland, Ohio, Arthur Wickham, Milwaukee, Wis., Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, Wickham, Borgelt, Skogstad & Powell, Milwaukee, Wis., for libelant-appellee. David G. Davies Cleveland, Ohio, of counsel.

Before KNOCH, SWYGERT and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an action in admiralty in which libelant alleges that respondents' tug, John Purves, while towing libelant's barge, A.B. No. 71, in Lake Erie, negligently caused the barge to capsize, as a result of which certain equipment belonging to libelant was lost. By stipulation, the issue of liability was severed from that of damages. The Trial Court found that the negligence of the respondents was the sole proximate cause of the loss and in conformity therewith entered its decree from which respondents appeal. This Court has jurisdiction by reason of Title 28 U.S.C.A. § 1292 (a) (3).

The case was tried by Judge K. P. Grubb, who rendered an excellent opinion embodying his findings of fact and conclusions, as well as his reasons therefor. D.C., 216 F.Supp. 353. Both parties here adopt his statement of evidentiary facts found on pages 354, 355, 356 and in the first paragraph of 357, and in the interest of brevity we do likewise.

Respondents on brief commence their argument with the statement:

"Appellants are much aggrieved by many of the findings of fact made by the trial court, but believing these to be clothed with the 'clearly erroneous' rule, or its equivalent, appellants do not intend to attack them

but will present their case on appeal without attacking the great majority of the findings of fact."

The issues raised here are based in the main upon respondents' contention that the Trial Court applied erroneous propositions of law in that it (1) placed the burden of proof upon respondents and (2) failed to attribute any fault on the part of the tugmaster to an error of judgment rather than negligence.

As to the burden of proof, the Court stated (page 359):

"The law with respect to a contract of towage, such as we have here, is well settled. The mere fact that a tow receives injury does not render the tug liable. Negligence must be affirmatively shown, and the burden of proving negligence rests upon those seeking to establish liability therefor. The tug is not liable as an insurer or common carrier but owes to the tow the duty to exercise such reasonable care and maritime skill as prudent navigators employ in the performance of similar services. Stevens v. The White City, 285 U.S. 195, 52 S.Ct. 347, 76 L. Ed. 699 (1932); River Terminals Corporation v. Southwestern Sugar and Molasses Company, 274 F.2d 36 (5th Cir.1960). Applying these standards to the actions of the Tug John Purves on the afternoon of October 5th, the court finds that the tug did not exercise such reasonable care and maritime skill as prudent navigators employ in the performance of similar services, as required by the Stevens case, supra."

It is not disputed but that this statement as to the burden of proof and respondents' duty is correct. Following a discussion of the evidentiary facts, the Court found (page 360):

"The sole proximate cause of the capsize was the tug's complete failure to take any precautions when the barge was known to be taking on water and gradually becoming lower at the bow."

Respondents' contention that the Court erred as to the burden of proof is based on a statement found in the concluding part of its opinion (page 361):

"Respondents seek to avoid the impact of the last clear chance doctrine by arguing that libelant has not proved that any of the suggested precautions or courses of action would have saved the barge upon discovery of her plight during the afternoon of October 5th. Once the fault of the tug is established, however, the burden is upon the respondents to show that none of the courses of action—i. e., making a full inspection of the tanks, seeking refuge promptly, and reducing speed—would have succeeded in keeping the barge from capsizing. See Sternberg Dredging Co. v. Moran Towing & Transp. Co., 196 F.2d 1002 (2d Cir.1952). Respondents have not met this burden, and it follows that their negligence was the sole proximate cause of the capsizing."

The Court, however, on the same page stated:

"It is not necessary to rule on its applicability in this action because the court finds that the proximate cause of the barge's capsizing was the negligence of the respondents."

■ The Court having found libelant without fault and negligence on the part of respondents as the proximate cause of the capsizing of the barge, there was no room for application of the doctrine. Conlon v. Tennant, 110 U.S.App.D.C. 140, 289 F.2d 881, 882; Hocheisen v. Smith et al., 81 U.S.App.D.C. 323, 158 F.2d 100, 101, and Fleming v. Ayoud, D.C., 206 F. Supp. 860, 862. The situation wherein the doctrine is applicable is well stated in the latter case:

"It comes into play only if it is found that the plaintiff was guilty of contributory negligence, and yet that thereafter the defendant was in a position to avoid the accident and the plaintiff was oblivious to his danger or was unable to extricate

himself from the peril into which he had placed himself by his own carelessness."

In view of the circumstances, it is hardly conceivable, certainly unreasonable to believe, that Judge Grubb merely by his reference to the last clear chance doctrine shifted the burden of proof from libelant to respondents. There is no merit to respondents' contention on this score.

■ The Trial Court in its opinion makes no mention of respondents' contention that in any event they were entitled to exoneration on the basis that any negligence shown was the result of mere "errors in judgment." We suppose it may be assumed that this contention was not advanced in that Court but, whether so or not, the undisputed findings must lead to its rejection.

We are satisfied with the opinion of Judge Grubb and make no attempt to do more than comment on the principal issues argued here.

The decree is

Affirmed.