KELLY, Associate Judge:
Appellant Katie Wilson individually, and as next friend of Arthur Wilson, Jr., her minor son, sued for damages resulting from injuries sustained when both were struck by appellee’s automobile as they were crossing the street at Ninth and L Streets, N. E. Arthur Wilson, Sr. joined in the suit, claiming medical and other expenses as well as loss of consortium. The jury returned a verdict for appellee (defendant) on all claims. A new trial was granted to Arthur Wilson, Jr., alone, and to Arthur Wilson, Sr. on his claim for expenses occasioned by the injury to his minor son, after the trial judge concluded he had erred in instructing the jury that the mother’s contributory negligence, if any be found, must be imputed to the minor. At the same time the trial judge denied appellant a new trial on her individual claim for damages <md on the derivative claim of her husband. This latter ruling is appealed.
Appellant first argues that there was no evidence presented at trial upon which to base an instruction on contributory negligence. We cannot agree. Essentially appellant’s testimony was that she first saw appellee’s car a block away as it turned onto L Street from Eighth Street, and noticed it again as it was approaching the intersection, about in the middle of the block. Knowing that the intersection was controlled by a stop sign and expecting the *483 driver to stop, she took her son by the hand and started across the street. The next thing she knew the car was on top of her, having failed, she said, to obey the stop sign. Appellee’s testimony was that he had been driving on L Street since picking up a passenger at Sixth and L; that he stopped at the stop sign, moved forward slowly and stopped again since other streets also intersected at this point, and that as he eased forward once more to make sure the intersection was clear appellant was suddenly there in front of him. Appellee candidly admitted that he was partially blinded by the sun and that parked cars obstructed his view, but his testimony contradicted that of appellant on most other details of the accident. Without reciting those details, it suffices to say that from a careful reading of the record it is our conclusion that the facts in evidence, with the reasonable inferences to be drawn therefrom, support the grant of an instruction on contributory negligence.[1]
Appellant also complains that it was prejudicial to her case for the trial judge to give the instruction, later held to be erroneous, that her negligence, if such be found, must be imputed to her son. But while it is possible that without it the jury might have brought in a verdict for the son, the disputed instruction clearly has no relation to the jury’s verdict against appellant. The verdict could only have been based on one of two findings; either that appellee was not negligent, or that appellant was contributorily negligent. The instruction would not be considered by the jury in determining the question of appellee’s negligence, and inasmuch as a finding on the issue of appellant’s contributory negligence would necessarily precede the jury’s consideration of the claim of her son, only after such negligence was established would the instruction complained of bear upon its deliberations. There is no indication that the jury was confused by the instruction nor do we perceive any possible prejudice to appellant by its having been given.
Affirmed.

. See Lewis v. Merzell, D.C.Mun.App., 117 A.2d 392 (1955).