**DEAN v. CENTURY MOTORS, Inc., et al.**

No. 8946.

United States Court of Appeals
District of Columbia.

Argued Nov. 16, 1945.

Decided March 4, 1946.

Mr. Ward B. McCarthy, of Washington, D. C., with whom Mr. Dorsey K. Offutt,

of Washington, D. C., was on the brief, for appellant.

Mr. William R. Lichtenberg, of Washington, D. C., with whom Mr. Samuel Barker, of Washington, D. C., was on the brief, for appellees. Messrs. Joseph Bulman and Joseph Luria, both of Washington, D. C., also entered appearances for appellees.

Before GRONER, Chief Justice, and CLARK and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

The appellant, Esther L. Dean, was seriously injured about 1 a. m. on May 12, 1943, when the automobile she was operating ran into the side of a taxicab owned by Century Motors, Inc., one of the appellees, which was being operated by Cyril T. Mitchell, the other appellee. The collision occurred at the intersection of Louisiana and New Jersey Avenues, N. W., in the City of Washington.

Mrs. Dean sued the appellees in the District Court of the United States for the District of Columbia to recover damages. A trial·resulted in a verdict for her in the sum of $15,000. The judgment pursuant to the verdict was set aside because the presiding justice became convinced that he had committed prejudicial error in giving an instruction on the doctrine of last clear chance. Thereafter, a second trial was had, the appellant's prayer for a last clear chance instruction was rejected, and the jury found for the appellant in the sum of $1,500.

The case is before us on the appeal of the appellant-plaintiff, who asserts that the lower court erred in refusing to instruct on last clear chance, and that the verdict was against the evidence because of inadequacy in the amount of damages.

We find it clearly established by the evidence that the collision occurred about 1 o'clock on a rainy morning; that the appellant was proceeding eastwardly on Louisiana Avenue, which is 87 feet wide, and that the appellee was proceeding southwardly on New Jersey Avenue, which is 62 feet wide; that the collision occurred at a point about 27 feet from the west curb line of New Jersey Avenue and 55 feet from the north curb line of Louisiana Avenue. The physical condition of the

automobiles after the accident showed that appellant's car was the striking vehicle. Traffic lights were not operating. The intersection was fairly well illuminated by street lights. As to the speed of the cars and as to whether appellant's lights were turned on, there is conflict in the evidence.

From the location of the point of impact, we learn that appellant's car had gone 27 feet into the intersection and that the appellee's cab had gone 55 feet into the intersection when they collided. The appellant says that she entered the intersection at "not more than 20 miles an hour." She attributes a speed of from 35 to 40 miles an hour to the cab, which she saw for the first time as she entered the intersection, although her companion testified that he saw it when it was 60 feet back from the intersection.

At 20 miles per hour a car travels 29⅓ feet per second and, at 40 miles, 58⅔ feet per second. From the location of the impact, and using Mrs. Dean's version of the speed of the two vehicles as a basis of computation, it appears that both entered the intersection at about the same time, and that one second later the cars collided. We find no evidence tending to show that Mitchell, the cab driver, saw, or in the exercise of reasonable care and prudence should have seen, the automobile of the appellant before he entered the intersection. Therefore, Mitchell did not see, and could not reasonably have been expected to see, the appellant's car until one second before it struck his cab, obviously not enough time to avert the accident. Mrs. Dean put it graphically when she said, "I didn't have time to really do anything." Mitchell had no more time than she had.

 In these circumstances, we see no proper place for an instruction on last clear chance. The doctrine presupposes a perilous situation created or existing through the negligence of both the plaintiff and the defendant, but assumes that there was a time after such negligence had occurred when the defendant could, and the plaintiff could not, by the use of means available, avoid the accident.[1] It is not applicable if the emergency is so sudden that there is no time to avoid the collision, for the defendant is not required to act instantaneously.[2]

 While there is, of course, great disparity between the amounts of the verdicts in the first and second trials, we are not authorized to disturb the action of the trial court in denying a motion for a new trial on the ground that the damages awarded by the jury were inadequate.[3]

Affirmed.

[1] Shea v. Pilette, 108 Vt. 446, 189 A. 154, 109 A.L.R. 933.

[2] Milby v. Diggs, 118 W.Va. 56, 189 S. E. 107; Hutcheson v. Misenheimer, 169 Va. 511, 194 S.E. 665.

[3] Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439; Washington Times Co. v. Bonner, 66 App.D.C. 280, 293, 86 F.2d 836, 849, 110 A.L.R. 393.