**LANDFAIR v. CAPITAL TRANSIT CO.**

No. 9578.

United States Court of Appeals
District of Columbia.

Argued Dec. 3, 1947.

Decided Jan. 12, 1948.

Mr. Jeff Busby, oɪ washington, D. C., for appellant.

Mr. Edward Bennett Williams, of Washington, D. C., with whom Mr. Howard Boyd, of Washington, D. C., was on the brief, for appellee.

Before STEPHENS, CLARK, and WILBUR K. MILLER, Associate Justices.

CLARK, Associate Justice.

The appellant, Mrs. Altha Marie Landfair, sued the appellee, Capital Transit Company, in the District Court of the United States for the District of Columbia to recover damages sustained when the automobile she was driving was struck by a streetcar. She appeals from a judgment entered on a directed verdict in favor of the appellee, on the ground that the trial court erred in granting a binding instruction to the jury to find for the defendant (appellee).

The facts giving rise to the suit follow. In the early evening of August 19, 1944, appellant was driving an automobile south on the west side of Fourteenth Street, in the Northwest section of the District of Columbia, and attempted a "U" turn at a point north of Arkansas Avenue. This street is fifty feet wide, and traversing its center are two sets of streetcar tracks, one for northbound and the other for southbound traffic. Each set of tracks is four feet and eight inches wide with a "dummy" space between of five feet and two inches. Appellant testified that she was traveling at a slow rate of speed, that she looked to the south for oncoming traffic and saw none, that she made the appropriate signal for her turn to following traffic, and then carefully attempted a "U" turn and her automobile was struck broadside by a streetcar as she crossed the northbound tracks. She gave explicit testimony that her view to the south in the direction of the oncoming streetcar was sufficiently good to allow her to see clearly as far as Shepherd Street, three blocks to the south of the point where the collision occurred. Appellant further testified that she looked to the south and saw no oncoming vehicles as late as that time when she was crossing the "dummy" space between the car tracks, not more than five feet from the point of impact.

■■■ The fact of the collision produces the inevitable conclusion that appellant must have seen the oncoming streetcar if she actually looked in its direction. Northern Pacific R. Co. v. Freeman, 174 U.S. 379, 19 S.Ct. 763, 43 L.Ed. 1014; Miller v. Union Pacific R. Co., 290 U. S. 227, 54 S.Ct. 172, 78 L.Ed. 285. The duty to look cannot be questioned. Chicago, R. I. & P. Railroad Co. v. Houston, 95 U. S. 697, 24 L.Ed. 542. Under comparable circumstances this court has previously rejected such testimony as that given by the appellant, declaring contributory negligence on the part of the injured person as a matter of law. Glaria v. Washington Southern R. Co., 30 App.D.C. 559; Faucett v. Bergmann et al., 57 App.D.C. 290, 22 F.2d 718. These rules apply where the plaintiff's case is based upon an allegation of last clear chance. Washington Ry. & Electric Co. v. Buscher, 54 App.D.C. 353, 298 F. 675.

■■■ The only other source of evidence in this case was a deposition taken from one Albert W. Gratke, plaintiff's witness, who was a passenger on the streetcar which collided with appellant's automobile. This deposition was introduced by plaintiff as part of her own case. Gratke was seated in a left front seat on the streetcar, immediately behind the motorman, and had an unobstructed view of the automobile prior to the collision. His testimony was that appellant began turning her car to make a "U" turn, but then swerved south in the direction of the streetcar, and then swerved again to her left, across the northbound streetcar tracks, when the streetcar was but 15 feet away from the automobile. He said the motorman applied the brakes on the streetcar lightly when the appellant's automobile was first observed turning to cross in front of the streetcar, the automobile then being approximately one and a half car lengths away, and that the brakes were applied with force by the motorman when the automobile suddenly swerved the second time onto the tracks 15 feet in front of the streetcar.

Appellant's counsel advanced the contention in support of the assignment of error that the case should have been submitted to the jury with appropriate instructions regarding the last clear chance doctrine. That contention we reject. Before any question as to the applicability of the last clear chance doctrine may properly be reached it is necessary to establish without its aid a duty on the part of the defendant commencing or continuing after the injured person's peril arose, and a breach of that duty related to the injury as a proximate cause. Under the rule of last clear chance

it is what the defendant did or failed to do after the plaintiff was imperiled that constitutes the breach of duty for which the defendant is held liable. Chunn v. City & Suburban R. Co., 207 U. S. 302, 28 S.Ct. 63, 52 L.Ed. 219.

No inference can be drawn from Gratke's testimony that the motorman failed to exercise reasonable care when appellant was first observed turning her automobile, for the motorman then applied the brakes and continued at a cautious rate of speed after appellant swerved from her course the first time. Indeed, at this time the motorman had the right to assume that appellant was going to respect the preferential right of way of the streetcar. Capital Transit Company v. Smallwood, 82 U.S. App.D.C. 228, 162 F.2d 14, and cases cited therein. This court has held that the driver of an automobile is charged with knowledge of a streetcar's preferential right of way. Washington Ry. & Electric Co. v. Chapman, 62 App.D.C. 140, 65 F.2d 486.

It seems clear, according to Gratke's testimony, that appellant could not have been perceived to be in a perilous position until she again swerved her automobile directly into the path of the oncoming streetcar. The record is devoid of evidence, however, tending to establish negligence on the part of the motorman at or after that time. Appellant's counsel, in oral argument, stressed the fact that the streetcar stopped four or five feet from the point of impact as an indication of negligence, but there is no supporting evidence that the streetcar could have been stopped in less than that distance, which is only nineteen or twenty feet from the point at which appellant was observed turning in front of the streetcar, according to the only evidence in the record on this point. Until appellant established negligence on the part of the appellee there was no occasion to apply the rule of last clear chance.

In Capital Transit Company v. Grimes, 82 U.S.App.D.C. 393, 164 F.2d 718, we reiterated the following statement from another recent opinion of this court, Dean v. Century Motors, Inc., et al., 81 U.S.App. D.C. 9, 10, 154 F.2d 201: "The doctrine [of last clear chance] presupposes a perilous situation created or existing through the negligence of both the plaintiff and the defendant, but assumes that there was a time after such negligence had occurred when the defendant could, and the plaintiff could not, by the use of means available, avoid the accident. It is not applicable if the emergency is so sudden that there is no time to avoid the collision, for the defendant is not required to act instantaneously." We think the trial court had no alternative at the conclusion of plaintiff's testimony but to direct a verdict for defendant. Appellant had the burden of proving elements justifying application of the last clear chance doctrine. See Note, 159 A.L.R. 724. There was failure in this respect, and we find no other reason to sustain the contention that the lower court erred in directing a verdict for the defendant (appellee).

The judgment is therefore affirmed.