**GRANT v. WILLIAMS et al.**

**DISTRICT OF COLUMBIA v. WILLIAMS.**

Nos. 1296, 1297.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 19, 1953.

Decided Feb. 5, 1953.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and J. Hampton Baumgartner, Jr., Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellants.

Frank L. Anderson, Washington, D. C., with whom Joseph J. Lyman, Washington, D. C., was on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

At the intersection of Morse Street and Benning Road, N. E., there was a collision between an automobile owned and operated by Charles E. Williams and a police scout car operated by Walter G. Grant, a police officer. Mr. Williams and his wife, who was a passenger in his car, joined in a suit against Grant. Williams demanded compensation for loss of his wife's services; for her medical expenses, and for the destruction of his automobile. His wife's claim was for personal injuries and certain financial losses.

The District of Columbia filed a counter suit against Williams for the damage to the scout car. The cases were tried together, Williams's suit being heard by a jury, and suit of the District of Columbia (in which there was no jury demand) being tried by the judge presiding. The jury awarded verdicts in favor of Mr. and Mrs. Williams against Grant. The judge entered a finding in favor of Williams in the suit filed by the District of Columbia. These appeals are brought by Grant and the District of Columbia.

1. Appellant Grant contends that there was no substantial evidence of his negligence and that he was entitled to a directed verdict. We need not repeat the details of the testimony. Grant was driving the police scout car on Morse Street, a narrow street, approaching its intersection with Benning Road, a very wide divided highway. Although he stopped before entering the intersection and also after he was in Benning Road he proceeded in front of two lanes of traffic which had stopped on his left. Two other automobiles entered the intersection in the third lane to his left and he stopped. Still another automobile came up in the third lane and stopped at the intersection; then Grant started forward slowly and as he was passing the third lane of traffic saw plaintiff's automobile turning into the fourth lane which was clear of traffic. Grant applied his brakes but was unable to avoid the collision. He struck plaintiff's automobile on its right side. The testimony of several witnesses was presented, together with several diagrams and also photographs of the two cars. From all of this we are satisfied that reasonable men could reasonably have differed as to relative speeds and distances, oportunity of each driver to see what confronted him, point of impact and other facts (and inferences to be drawn from such facts) forming a basis of decision as to negligence and proximate cause. The judge was right in holding that these were jury questions. Ellis v. Union Pacific R. Co., 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572. See also McKnight v. Bradshaw, D.C.Mun.App., 90 A.2d 825, 80 W.L.R. 604, and cases there cited.

2. Appellant Grant charges error in the refusal of three instructions dealing with traffic regulations. The record shows that the regulations were read to the jury by counsel for Grant. The judge in his charge told the jury, "The regulations have been read to you. They have been rather fully and ably discussed. I do not think it necessary to repeat the regulations. You are instructed that if you find that there has been a violation of a regulation, such violation is negligence per se, but it

does not have any bearing on your consideration unless such negligence was proximately connected with this particular collision." This was as favorable an instruction as defendant had a right to demand. And the judge was not required to repeat each traffic regulation and instruct thereon. In a similar situation we have held the charge sufficient. Lewis v. Shiffers, D.C.Mun.App., 67 A.2d 269.

■ 3. Next we consider the propriety of an instruction on last clear chance, granted over defendant's objection. Such an instruction, like all others, must be based on evidence. The test here is whether there was evidence from which it could be said that assuming both drivers were negligent there was a time after such negligence had occurred when defendant could and plaintiff could not have avoided the accident. The plaintiff's own testimony was that he entered the intersection at 25 miles per hour and other automobiles were in the three lanes to his right. The evidence for defendant was that he entered the intersection slowly, allowed two automobiles to pass in front of him, and when a third automobile stopped in the third lane he proceeded slowly on. He also said he saw Williams's car one and one-half lengths back, coming at a good speed, and that when he saw Williams was not going to stop he immediately applied his brakes but was unable to avoid the collision. Neither from the testimony just mentioned nor on the basis of any other evidence in the record can it be said that there was "a duty on the part of the defendant commencing or continuing after the injured person's peril arose, and a breach of that duty related to the injury as a proximate cause." Landfair v. Capital Transit Co., 83 U.S.App.D.C. 60, 165 F.2d 255, 256. Within the past month we have had occasion to apply the same rule, on similar facts. Johnson v. Yellow Cab Co., D.C. Mun.App., 93 A.2d 566, and cases there cited. We must rule that it was error to instruct on last clear chance in this case.

■ 4. The next error assigned challenges the sufficiency of plaintiffs' proof of damages. The jury awarded Mrs. Williams $477. She testified to injuries to her head, arm and finger; that she had medical attention twice a week "for a long period of time;" that she suffered and was still suffering incapacitating headaches; that she lost earnings of $25 per week for four months. Appellant questions her claim of $77 for medical bills because it was not supported by medical testimony. But even ignoring this item the testimony just referred to was more than sufficient to justify the verdict which was rendered in her favor.

■ 5. The jury awarded Mr. Willaims $325, based on his claim that his automobile had been totally destroyed in the collision. As to this the only evidence was that of plaintiff himself who said that he paid $325 for the car, a 1941 Oldsmobile, three or four months before the collision. Plaintiff said that after the accident it was examined at a garage where he was told that the car was damaged beyond repair and had no salvage value. No witness from the garage was produced. When a written statement of the garage was offered it was objected to by defendant and the trial judge said he would admit it "merely as a corroborative statement of plaintiff's testimony that he had obtained an estimate." Concerning this the judge in his charge told the jury that the estimate had been admitted only to corroborate plaintiff's own statement that he had received an estimate and not "as evidence of the truth of the statement contained therein." Later he told the jury that plaintiff's measure of damage would be the difference in the value of his automobile immediately before and immediately after the collision. We have held that "if an automobile is practically destroyed or so completely destroyed as not to be susceptible of repair, then the measure of damages is its reasonable market value immediately before the accident, less its salvage value * *." Royer v. Deihl, D.C.Mun.App., 55 A.2d 722, 724.

But there was no real evidence by which this test could have been applied. Assuming that $325 was a fair price for the automobile when Williams bought it and that the purchase price is one of the elements

478

to be considered in determining present value, there was no evidence as to the condition of the automobile at the time of the collision three or four months after the purchase, Royer v. Deihl, supra, And while plaintiff, as owner, would have been permitted to state his opinion as to the value, Glennon v. Travelers Indemnity Co., D.C.Mun.App., 91 A.2d 210; Manning v. Lamb, D.C.Mun.App., 89 A.2d 882, he was not asked that question. Thus even if it could be said that plaintiff proved the value of the automobile before the collision it is plain that he made no attempt to prove what it was worth after the collision. The garage statement had no probative value, having been received for the very limited purpose above stated. Plaintiff's statement as to what the garage people told him was of course pure hearsay. It was not even suggested that his own statement (that the car was totally destroyed and had no salvage value) was based on any expert knowledge. There should at least have been some testimony of a witness qualified by experience to give the court and jury a reliable measure of the value of the car after the collision. Because of the absence of such testimony we must rule that there was no sufficient proof of plaintiff's damage.

■ 6. Appellant District of Columbia challenges the correctness of the adverse finding made by the judge in the counter suit it had brought against Williams. Basically the contentions on this appeal are the same as those raised in the first point made by appellant Grant in his appeal: that the court should have ruled as a matter of law against Williams on the issues of negligence and contributory negligence. For the reasons stated under point 1 in this opinion, we rule that there was no error in this connection and that the ultimate issues were factual, not legal.

■ 7. By stipulation at the pretrial proceeding the two cases were "consolidated for trial." Trial of the two cases started before the jury. However, at the opening of the court's session the next morning the judge announced that the case of District of Columbia v. Williams would not be submitted to the jury because there had been no jury demand in that case. Accordingly he proceeded to hear that case on the same evidence as was being offered in the jury case. The District assigns this action as error. We find nothing in the record to indicate that the District objected to the action of the judge. It may therefore be said that his ruling is not subject to review on appeal. Brown v. Rudberg, 84 U.S.App.D.C. 221, 171 F.2d 831; Brooks v. Jensen, D.C.Mun.App., 73 A.2d 32; Germaine v. Cramer, D.C.Mun.App., 65 A.2d 573.

■ Aside from that we see no real merit in the contention. It is plain that under Municipal Court Rule 38, a party desiring a jury trial must make demand therefor within 5 days after a case is at issue, otherwise the right to jury trial is deemed waived. The operation of this rule was not overcome by the pretrial stipulation consolidating the cases for trial. From the time that the right to jury trial in the Municipal Court was created by statute in 1921, Mar. 3, 1921, 41 Stat. 1310, ch. 125, § 3, D.C.Code 1951, § 11–715, that court has had a rule specifically requiring written demands for jury trial. Under that rule when two cases were consolidated for trial and there was a jury demand in only one, it was the established practice to allow a jury trial only in the case in which a demand had been filed and to try the other case at the same time and on the same evidence, to the court. No doubt the procedure has often proven awkward and unsatisfactory. But this is a matter for the consideration of the trial court in the exercise of its rule making powers. In the circumstances before us we cannot say that there was error in trying the case as was done here.

Judgment in Case No. A 468–51 affirmed as to Mary L. Williams; reversed for new trial as to Charles E. Williams.

Judgment in Case No. B 10133–51 affirmed.