Cynthia G. GRIFFIN and Harold J. Griffin, Appellants,

v.

Alfred W. ANDERSON, Appellee.

No. 2282.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 3, 1958.

Decided Feb. 24, 1959.

Joseph S. GULLO and Vivian B. Gullo, Appellants,

v.

VETERANS COOPERATIVE HOUSING ASSOCIATION, a corporation, Appellee.

No. 2305.

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 8, 1958.

Decided March 3, 1959.

Sydney H. Mendelsohn, Silver Spring, Md., for appellants.

Francis X. Quinn, Washington, D. C., for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

Appellants sued appellee for damages to their automobile as the result of a collision between their car, driven by appellant Harold J. Griffin, and one operated by appellee. At the time of the accident both cars were proceeding in the same direction on the Memorial Bridge on their way to Virginia. The trial court found in favor of appellee, holding that the operator of appellants' car was guilty of contributory negligence and that the doctrine of last clear chance did not apply.

Counsel for appellants takes issue with both findings in his appeal. We do not feel that it is necessary to discuss the evidence in detail. The basic situation developed by it was that apellee was driving in the curb lane on the bridge. Appellant Harold J. Griffin was proceeding in the second lane from the curb; he attempted to turn to the right in order to enter the curb lane, in front of appellee's car, when the two cars collided. There was some conflict in the evidence; a careful review of it convinces us that we would not be justified in holding that the court erred in its finding of contributory negligence.

The applicability of the doctrine of last clear chance has been enunciated in a number of cases in the District. It presupposes a perilous situation caused by the negligence of both the plaintiff and the defendant; it assumes that after the situation had been created there was a time when the defendant could, and the plaintiff could not, avoid the accident. The doctrine is not applicable if the emergency is so sudden that there is no time to avoid the collision, as the defendant is not required to act instantaneously.[1]

---

[1]. Capital Transit Co. v. Grimes, 82 U.S. App.D.C. 393, 164 F.2d 718, certiorari denied 333 U.S. 845, 68 S.Ct. 664, 92 L.Ed. 1129; Dean v. Century Motors,

We are not prepared to say that the court was wrong in refusing to apply the doctrine here. There was sufficient evidence for the court to find that the emergency was so sudden that there was not sufficient time for the appellee (defendant) to avoid the collision.

Affirmed.

81 U.S.App.D.C. 9, 154 F.2d 201; Jenkins v. Young, D.C.Mun.App., 135 A.2d 318; Johnson v. Yellow Cab Co., D.C. Mun.App., 93 A.2d 566.