Leonard HEINECKE, Appellant,

v.

WESTERN UNION TELEGRAPH CO., a corporation, Appellee.

No. 2428.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 3, 1959.

Decided Dec. 3, 1959.

Robert H. Symonds, Washington, D. C., for appellant.

Dale D. Drain, Washington, D. C., for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

A jury denied plaintiff recovery in his suit for injuries against Western Union. The sole error assigned in this appeal is the trial court's refusal to give an instruction on the doctrine of last clear chance.

Plaintiff alleged in his complaint that he was struck by a Western Union messenger on a bicycle while crossing the street. His testimony tended to establish that after getting off a streetcar at a loading platform he checked the oncoming traffic from his position on the platform. Seeing none, he started to make his way to the opposite curb and had taken two steps into the street when he first saw the messenger approaching on a bicycle about nine feet away. He claimed he was unable to avoid the collision that immediately followed.

Western Union in its answer attributed the injuries to plaintiff's negligence and an entirely different explanation of the occurrence from that of the plaintiff was given in the presentation of its case. Testifying for the defendant, the messenger said he saw the streetcar stop and discharge its passengers as he approached the area of the loading platform. When some of them, including the plaintiff, stepped directly in his path from the platform to cross the street, he rang his bell, applied the hand brake, and dragged his feet to avoid hitting them. After he had successfully brought the bicycle to a stop, the plaintiff, he claimed, walked into its front wheel. This account of the accident was substantially corroborated by a witness who was standing nearby at the time.

Defendant's version of the incident leaves no room for the last clear chance doctrine. Our only concern, therefore, is whether plaintiff's evidence affords a basis for its application. In making this determination our review is necessarily restricted by the state of the record. Several inconsistencies in the testimony—sometimes within the statement of a single witness—on such vital factors as the time sequence of events, distance, and the relative positions of the persons involved are responsible for a vague and confusing transcript. An attempt to clarify these matters was made by having the messenger indicate on a diagram in the courtroom his position in relation to the plaintiff's at various times. While this undoubtedly was of some assistance to the trial judge and the jury, it is of no value to this court since the diagram was not made a part of the record and the information derived from its use was not incorporated into the record in narrative form.

Accordingly, we shall limit our consideration to the specific facts which plaintiff urges warrant an instruction on last clear chance. These are: (1) that the messenger was twenty-five feet (this distance is disputed) from the loading platform when he observed the passengers moving from its far end on the right side into the street and thus had ample opportunity to steer to the left of the platform; and (2) that instead, he continued to ride to its right side while ringing his bell.

The courts here have stated on numerous occasions that the last clear chance doctrine presupposes a perilous situation brought about by the negligence of both parties and holds the defendant liable if after such negligence occurred he had a superior opportunity to avoid the harm. Dean v. Century Motors, 81 U.S.App.D.C. 9, 154 F.2d 201; Griffin v. Anderson, D.C. Mun.App., 148 A.2d 713; Grant v. Williams, D.C.Mun.App., 94 A.2d 475. Last

clear chance cannot be invoked to charge the defendant with negligence; the breach of a primary duty must be established independently. It is rather what the defendant did or failed to do after plaintiff was imperiled that constitutes the breach of duty for which he is liable under the doctrine. Landfair v. Capital Transit Co., 83 U.S.App.D.C. 60, 165 F.2d 255.

■ The facts on which plaintiff relies to support the requested instruction relate to the messenger's primary negligence and not to the issue of his negligence after plaintiff was imperiled. The disproportionate distances of the persons involved are alone sufficient to justify this conclusion. According to the plaintiff, he was struck by a bicycle just after he had taken two steps into the street. At the time he stepped from one end of the loading platform, the evidence on which he relies places defendant some twenty-five feet beyond the opposite end of the extended platform. Clearly plaintiff was not in peril at this time. Neither does the fact that the messenger rang his bell and continued on in the same direction provide support for applying the doctrine. This shows only an awareness of the people in the street. Again, this fact goes to the issue of primary negligence as there was ample time and distance for defendant to exercise reasonable caution to avoid hitting anyone. His failure to steer to the left of the loading platform did not make an accident inevitable. On the basis of the record before us, we think the trial judge was correct in rejecting plaintiff's prayer for an instruction on last clear chance and the judgment will be

Affirmed.