## DUNN *v.* EITEL

[No. 216, September Term, 1962.]

*Decided March 26, 1963.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, HORNEY and MARBURY, JJ.

*Amos I. Meyers,* with whom was *Paul L. Wilkins* on the brief, for the appellant.

*Jeffrey B. Smith,* with whom were *Paul E. Burke, Jr.,* and *Smith, Somerville & Case* on the brief, for the appellee.

188

The appellant, Mrs. Dunn, injured when struck by an automobile while crossing Harford Avenue in Baltimore, seeks to escape the effect of the jury's verdict against her by arguing here that the trial court erred, to her prejudice, in not instructing the jury that the doctrine of last clear chance was applicable.

Mrs. Dunn's version of the accident is that as she was crossing Harford Avenue from east to west (not in the pedestrian walk), she was struck by the automobile of the defendant coming north as she stood momentarily on the yellow center line facing north with her hand up to stop southbound traffic. Her testimony was that when she started across the street, an automobile (never identified as that of the defendant) was some two hundred feet away; and when she was part of the way across, with time to safely reach the center line, it was still some one hundred to one hundred fifty feet away. She did not look again to the south. She heard a horn and almost instantly thereafter was struck.

All other witnesses, including the appellee, a disinterested spectator, and (by inference from where a scuff mark and the prostrate victim were found by him) the investigating police officer, place the point of impact on or near the white line marking the east side of the left hand northbound lane. The appellee and the disinterested spectator say Mrs. Dunn walked into the automobile.

The appellee says he saw traffic ahead of him swinging from the right hand northbound lane into the left hand lane and he followed, suspecting an obstruction ahead in the right lane. When he was some fifty feet from Mrs. Dunn, he saw her for the first time, standing still. He would have cleared her had she remained still. Instead, at the last second, she walked into the car.

It is clear that there was no testimony which would have justified an instruction as to last clear chance. Any negligence of the motorist was concurrent with that of the pedestrian and not sequential, as it would have to have been for last clear chance to come into play. A defendant's original negligence,

without more, may not serve to support recovery against him on the premise he had a last clear chance to avoid the accident. Something new or independent must be shown, something which gave the defendant a fresh chance to avert the consequences of his original negligence and the plaintiff's contributory negligence. *Legum v. State, Use of Moran,* 167 Md. 339, 355, 356; *Peregoy v. Western Md. R. R. Co.,* 202 Md. 203, 211; *Domeski v. Atlantic Refining Co.,* 202 Md. 562, 568; *Dehn v. Matusak,* 224 Md. 14. That was not the case here.

Appellant's subsidiary complaints merit little discussion. The defendant testified he was married and had three children. The appellant says this was prejudicial. The trial court instructed the jury not to consider the marital status of the parties. Any possible prejudice was cured. *Cf. Bailey v. Wray,* 230 Md. 359.

Appellant argues that the court should have instructed the jury more specifically as to the standard of care required of the parties by the law, particularly that the standard required of the pedestrian was not that of a very cautious person. The court summarized for the jury the applicable Code provision governing the operation of motor vehicles, instructed that both pedestrian and motorist were required to exercise ordinary care and prudence under the circumstances, defined lack of ordinary care as the failure to exercise that degree of care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances and added that the burden of proving the plaintiff guilty of contributory negligence was on the defendant.

We think the charge went as far as was requisite under the testimony. *Lemons v. Chicken Processors,* 223 Md. 362.

*Judgment affirmed, with costs.*