Lillian L. PHILLIPS and James G. Phillips
and Motors Insurance Corporation,
a corporation, Appellants,

v.

D. C. TRANSIT SYSTEM, INC.,
a corporation, Appellee.

No. 3427.

District of Columbia Court of Appeals.

Argued Feb. 17, 1964.

Decided March 20, 1964.

Erwin A. Alpern, Washington, D. C., with whom Karl G. Feissner, Washington, D. C., was on the brief, for appellants.

Anthony E. Grimaldi, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

At the conclusion of the testimony for the plaintiff (appellant) in the trial court,

a verdict was directed in favor of the D. C. Transit System, Inc., on the ground that plaintiff was contributorily negligent as a matter of law. This appeal ensued.

Substantially appellant contends that the trial judge erred in granting the directed verdict because (1) there was evidence on which the jury could have found that the bus driver was solely negligent and (2) even assuming that negligence by appellant contributed to produce the accident, the bus driver had the last clear chance to avoid it.

Appellant testified, *inter alia*, that prior to entering the intersection she came to a full stop at the "Stop" sign; that she looked carefully to the right and the left and saw "not one thing" coming from either direction; that she could see to her right for "over a block or so"; that it was a clear, bright day; that when she was three-fourths of the way across the intersection, she was struck by the bus; that she didn't know where the bus came from or how fast it was going; that at the time of the impact she was going not more than five miles per hour; and that "the collision came as a complete surprise."

A truck driver, testifying for appellant, stated he first saw her car when it was stopped at the "Stop" sign about ten feet from the intersection; that he never saw appellant's car leave the sign, but next observed it after the accident; that he first saw the bus when he glanced in his sideview mirror. At that time the bus was about a half block to a block away, which he figured to be 250–300 feet. Although he first stated he was unable to approximate its speed, he later testified that it was traveling 25 miles per hour at the time

of the collision. After the collision, the bus came to a stop half way down the block.

We have had occasion to rule frequently that questions of negligence and contributory negligence are ordinarily questions of fact to be decided by the jury, but where the facts clearly appear from the evidence to be such that, conceding every legitimate inference, but one reasonable conclusion may be drawn, the issue becomes one of law for the court. Hardy v. Hardy, D.C. App., 197 A.2d 923; Mitchell v. Allied Cab Company, D.C.Mun.App., 133 A.2d 477, 479; Brown v. Clancy, D.C.Mun.App., 43 A.2d 296, 297.

Even if we assume there was primary negligence on the part of the bus driver, there can be no doubt from all the testimony that had appellant looked effectively to the right before leaving the "Stop" sign and entering the intersection, she would have seen the bus coming toward her at a distance that was an immediate hazard and should have yielded the right-of-way in compliance with the traffic regulations.[1] Her failure to do so was negligence as a matter of law, contributing as a proximate cause to the collision between the two vehicles, and hence bars her right to recover unless the bus driver had a last clear chance to avoid the accident.

Courts of this jurisdiction as well as many state tribunals have stated on numerous occasions that the last clear chance doctrine[2] presupposes a perilous situation brought about by the negligence of both parties and hold the defendant liable if after such negligence the defendant had a superior opportunity to avoid

[1]. Section 48, Traffic & Motor Vehicle Regulations, provides: " * * * every driver of a vehicle approaching an intersection at which an official 'Stop' sign has been erected shall come to a complete stop and after having stopped shall yield the right-of-way to any vehicle * * * which is approaching so closely on said highway as to constitute an immediate hazard during the time that such vehicle is moving across or within the intersection."

[2]. For a statement of this doctrine see Mathews v. Lindsay, 108 U.S.App.D.C. 292, 281 F.2d 927.

the accident. Landfair v. Capital Transit Co., 83 U.S.App.D.C. 60, 165 F.2d 255; Dean v. Century Motors, 81 U.S.App.D.C. 9, 154 F.2d 201; Griffin v. Anderson, D.C. Mun.App., 148 A.2d 713; Grant v. Williams, D.C.Mun.App., 94 A.2d 475; Stenta v. Leblang, Del., 185 A.2d 759; Dunn v. Eitel, 231 Md. 186, 189 A.2d 356; Creighton v. Ruark, 230 Md. 145, 186 A.2d 208. It cannot be invoked however to charge the defendant with negligence as the breach of a primary duty owed by defendant must be proved independently. It is not the right of every injured party who has been contributorily negligent to seek the aid of the doctrine of last clear chance, for it is available only under proper circumstances. Hocheisen v. Smith, 81 U.S.App. D.C. 323, 158 F.2d 100; Heinecke v. Western Union Telegraph Co., D.C.Mun.App., 156 A.2d 143; Jenkins v. Young, D.C. Mun.App., 135 A.2d 318. It is not applicable if the emergency is so sudden that there is no time to avoid the collision, for the defendant is not required to act instantaneously. In order to invoke the doctrine, the plaintiff must show that the defendant had knowledge of the peril in which plaintiff was placed and that there was time, after acquiring this knowledge, in which he could save him from impending damage. See May v. Washington, Virginia & Maryland Coach Co., D.C.App., 197 A.2d 267.

■ Even should the primary negligence of the bus driver and the contributory negligence of appellant be conceded, there is no competent testimony to establish that the bus driver was aware of the perilous situation of appellant or that, had he been aware thereof, there was time in which he could have avoided the collision. To have permitted appellant the benefit of the last clear chance doctrine would have injected into the case a proposition which had no basis in fact. Landfair v. Capital Transit Co., supra; Lewis v. Merzell, D.C.Mun. App., 117 A.2d 392; Bell v. Myrtle, D.C. Mun.App., 153 A.2d 313.

On the basis of the record before us, we hold that the defense of the doctrine of last clear chance was not available to appellant and that the trial court was correct in directing a verdict for appellee at the conclusion of appellant's case by reason of her contributory negligence as a matter of law being a proximate cause of the collision.

Affirmed.