Jon O. NEWMAN, Appellant,

v.

Joe EISENBERG, Appellee.

No. 3737.

District of Columbia Court of Appeals.

Argued July 19, 1965.

Decided Oct. 7, 1965.

Patrick J. Attridge, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellant.

Melvin Hirshman, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This appeal is from a judgment of the trial court, sitting without a jury, finding appellant liable for damages sustained by appellee in an automobile accident.

At approximately six o'clock on the evening of April 29, 1963, appellee, driving his own taxicab, was heading north on Capitol Plaza. When he came to the intersection of Constitution Avenue he stopped to wait for a red light. Seeing two women standing a little distance from the northwest corner of Constitution Avenue, he asked and received permission from his passenger to pick them up. According to appellee's testimony, when the light changed he moved to the center of the intersection, allowed two or three southbound cars to pass, and then, seeing no other vehicles approaching, made a left turn into the curb lane of Constitution Avenue. It was established at trial that it was raining, that headlights were not yet needed, and that Constitution Avenue was six lanes wide at that point. Just as appellee was stopping some two or three car lengths from the corner he was hit from behind by appellant's automobile. The parties agreed that the front end of appellee's cab was next to the curb and that the back end protruded slightly.

 Appellant[1] testified that he was heading south on Delaware Avenue (the northern continuation of Capitol Plaza), that he waited for a red light with cars in front of him, and that he made a right turn onto Constitution Avenue when the light changed. He claimed that he did not see appellee make a left turn from Capitol Plaza and that the first time he observed him was when appellee's cab cut in front of him and

stopped next to the curb. He testified that he immediately applied his brakes, but that because of the wet pavement he slid into the rear of appellee's automobile. He estimated that his speed was about fifteen miles per hour.

Appellee instituted this action and at the close of his evidence the court denied appellant's motion for a trial finding in his favor. At the conclusion of all the evidence appellant renewed his motion which was denied. The court then found that both drivers had been negligent, but that appellant had had the last clear chance[2] to avoid the accident. Accordingly, judgment was entered for appellee.

 Appellant contends that it was error for the court to deny his motions for a trial finding in his favor, maintaining that the evidence established appellee's contributory negligence as a matter of law. However, questions of negligence and contributory negligence move from the realm of fact to the realm of law only when but one reasonable conclusion can be drawn from the evidence presented. Phillips v. D. C. Transit System, Inc., D.C.App., 198 A.2d 740 (1964).

 Appellant also challenges the court's application of the last clear chance doctrine. It is true, as he asserts, that the doctrine is not available in a situation where the emergency is so sudden that a defendant has to act instantaneously in order to avoid the collision. Dean v. Century Motors, 81 U.S.App.D.C. 9, 154 F.2d 201 (1946); Rand v. Miller, D.C.Mun.App., 153 A.2d 815 (1959). But the question of whether there was time enough to prevent the accident after the plaintiff had placed himself in a position of peril is generally one of fact to be decided by the trial court. The case at bar presents a close question of fact, the

---

1. When appellant was on the witness stand, he stated that he was the United States Attorney for the District of Connecticut. The trial judge, upon hearing this, shook his hand and stated he was pleased to meet him. Such a showing of apparent partiality, though not prejudicial in this case, violates accepted judicial standards.

2. See Mathews v. Lindsay, 108 U.S.App. D.C. 292, 281 F.2d 927 (1960), for a statement of the last clear chance doctrine.

time involved being mere seconds. Although we may not have reached the same conclusion as the trial judge, there is sufficient evidence in the record to support his finding that there was "at least a short period of time during which [appellant], and he alone, by the exercise of reasonable prudence, [could have avoided] the accident." This being the case, the trial court's finding must be

Affirmed.