**Horace W. HUNTER, Appellant,**

v.

**Rudolph R. ROBINSON, Individually and next friend of minor, Timothy Robinson, Appellees.**

No. 6229.

District of Columbia Court of Appeals.

Argued April 17, 1972.

Decided Aug. 25, 1972.

---

**482**

———◆———

David F. Grimaldi, Washington, D. C., for appellant.

James S. Brocard, Washington, D. C., for appellees.

Before KELLY and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

This appeal is from a judgment in favor of appellee and his minor son for damages resulting from a collision between an automobile operated by appellee and one operated by appellant.

The collision occurred at an intersection on Nichols Avenue, where appellee traveling north had stopped to make a left turn. A truck traveling south had stopped at the same intersection also to make a left turn. Appellant was traveling south and the traffic lights were green. As appellee turned across and past the stopped truck his automobile was struck on the right rear side by appellant's automobile.

Appellee's testimony was that he had eased out past the standing truck and saw no traffic coming south in the lane between the truck and the curb, and as he proceeded across the curb lane he suddenly saw appellant's car 5 feet away and the collision occurred. He reasoned that appellant's car must have been behind the truck and suddenly pulled out because when he first looked there was no car approaching in the curb lane. Appellant's testimony was that he was traveling in the curb lane, had no occasion to be behind the truck, and that as he proceeded at a speed of 25 miles to pass the stopped truck appellee's car suddenly crossed in front of him, and he could not avoid the collision because he was about 15 feet away when appellee came across in front of him.

At the conclusion of the testimony the trial court, sitting without a jury, stated that *if* appellee's version was accepted then appellant was at fault, but *if* appellant's version was accepted then appellee was at fault, but that under either version the court found "the responsibility and the proximate cause" of the accident was the driving of appellant because "there was a last clear chance, or should have been," if appellant had exercised the required caution in crossing the intersection.

When asked to make specific findings of fact the court said:

I either find that Mr. Hunter [appellant] was in the lane nearest the center of the street, behind the truck and came out and crossed into the curb lane, and thereby hit Mr. Robinson [appellee], who had already established his right to the left turn, by looking and not seeing Mr. Hunter, as he contends; that the negligence was on Mr. Hunter.

But, that if the version by Mr. Hunter was that he was in the curb lane, coming south, that his duty to exercise caution at the intersection gave him, or should have given him a last clear chance to avoid the accident caused, or the peril to which Mr. Robinson put himself, by a non-negligent left turn; and that Mr. Hunter failed to exercise that last clear chance, and is, therefore negligent.

We have difficulty in ascertaining exactly what the court did find as it never directly accepted either appellant's or appellee's version. Apparently the court's position was that regardless of the existence of negligence and contributory negligence, appellant was responsible under the doctrine of the last clear chance. But such a ruling misconstrued the application of the doctrine.

In Griffin v. Anderson, D.C.Mun.App., 148 A.2d 713, 714 (1959) this court said:

The applicability of the doctrine of last clear chance has been enunciated in a number of cases in the District. It presupposes a perilous situation caused by the negligence of both the plaintiff and the defendant; it assumes that after the situation had been created there was a time when the defendant could, and the plaintiff could not, avoid the accident. The doctrine is not applicable if the emergency is so sudden that there is no time to avoid the collision, as the defendant is not required to act instantaneously. (Footnote omitted.)

Unless the court found that appellee's own negligence, coupled with that of appellant, created appellee's perilous condition, the last clear chance doctrine had no applicability. Moreover there was no finding that after the perilous condition was created there was time for appellant to avoid the collision. This was important in view of the testimony of appellee that appellant was only 5 feet away when he first saw him, and appellant's testimony that appellee was only 15 feet away when first seen.

In view of the uncertainty of the findings we must reverse and order a new trial. We take this occasion to remind the trial court that findings of fact should be clear and explicit; otherwise there can be no intelligent appellate review.

Reversed with instructions to grant a new trial.