**William H. BYRD, Appellant,**

v.

**Raymond T. HAWKINS, Appellee.**

No. 13415.

District of Columbia Court of Appeals.

Argued May 30, 1979.

Decided July 24, 1979.

Charles C. Parsons, Washington, D. C., for appellant.

Frank J. Martell, Washington, D. C., for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

PER CURIAM:

The sole issue on appeal is whether the trial court committed error requiring reversal by refusing to instruct the jury on the last clear chance doctrine as was requested

by appellant (plaintiff) in a trial of the action he brought for personal injuries allegedly suffered when struck by a car driven by appellee (defendant). The incident occurred, according to the testimony, at the intersection of North Capitol and L Streets, Northwest. North Capitol Street consists of three northbound and three southbound lanes separated by a concrete median strip. Appellant was crossing the northbound lanes from the center median strip in the southernmost crosswalk behind three of his companions when appellee's auto, traveling in the center lane, struck him. There was evidence that the traffic control lights at the intersection were inoperative and that appellant was wearing black clothing at the time, i. e., the early morning hours.

Appellant testified that he only glanced in the direction of the oncoming traffic before stepping into the street because he saw his three friends crossing before him. He finally noticed the car only after it was upon him. A woman who was walking immediately in front of appellant when he was injured testified that on entering the crosswalk she observed a set of headlights which, according to calculations she made after the accident and prior to trial, was approximately 159 feet away. Appellee testified in essence that appellant bolted in front of his car before he had time to react and stop. He neither sounded his horn, swerved from the center lane, or applied the brakes (which would have made skid marks).

■ Appellant contends that the evidence adduced at trial was sufficient to require the trial judge to instruct on the last clear chance doctrine. That doctrine operates to permit a plaintiff in a negligence action to recover notwithstanding contributory negligence on his part if four conditions are met: (1) the plaintiff was in a position of danger caused by the negligence of both plaintiff and defendant; (2) the plaintiff was oblivious to or unable to extricate himself from the position of danger; (3) the defendant was aware or by the exercise of reasonable care should have been aware of plaintiff's danger and his oblivion to or inability to extricate himself from the danger; and (4) the defendant, with means available to him, was by the exercise of reasonable care able to avoid striking plaintiff after he became aware of the latter's danger and inability to extricate himself from danger but failed to do so. *Mathews v. Lindsay,* 108 U.S.App.D.C. 292, 293, 281 F.2d 927, 928 (1960).

The record indicates there was some evidence to support all four prongs of the doctrine and hence to require the giving of the requested instruction. First, by submitting the case to the jury and instructing on contributory negligence the judge found there to be evidence of negligence on the part of both parties, and after review of the record we concur. We find that evidence was presented which the jury was entitled to credit that appellant did not pay attention to oncoming traffic *and* that appellee should have been aware of appellant's presence in the crosswalk. Second, appellant testified that he was oblivious to appellee's car until a moment before impact. Third, the testimony by appellant's companion, who preceded him in the crosswalk at the time of the incident, that appellee's car was 159 feet away from appellant when the latter stepped into the former's path demonstrates that appellee should have been aware of appellant's position of danger. In addition, that evidence could permit the reasonable inference that had appellee sighted appellant when he should have done so, measures such as braking, sounding the horn, or swerving to avoid impact with appellant, could have been taken by him.

■ We conclude under the particular circumstances that there was an adequate factual predicate for the requested jury instruction on last clear chance and so reverse the judgment and remand the case for retrial.

*So ordered.*