NEBEKER, Senior Judge:
Appellant Andre V. Fisher, Jr,, contends a trial court’s determination that the injuries he sustained in a July 22, 2008 automobile accident were the partial result of his own negligence — barring his recovery under the laws of the District of Columbia — should be reversed. He argues that the trial court erred: 1) by refusing to instruct the jury on the last clear chance doctrine; 2) by denying his multiple motions for mistrial after a jury poll revealed the verdict was not unanimous; and 3) by dismissing the jury after ordering further deliberations and entering judgment as a matter of law in appellee’s favor. Finding no reversible error, we affirm.
I.
On July 22, 2008, at approximately 9 P.M., appellee was driving approximately 25 miles per hour on Irving Street — a three-lane road — near the Washington Hospital Center in Washington, D.C. He noticed a car — driven by appellant — in front of him driving erratically and moving from one lane to the next. Appellee observed this car make multiple moves to the center lane in an effort to pass a car ahead of it in the right lane. While travelling in the center lane, appellant was less than a full car length ahead of appellee, who was travelling in the left lane. Then, all of a sudden, appellant moved from the right lane, “skipped over” the center lane “because that car was going too slow,” and “c[a]me all the way over” into the left lane (appellee’s lane) to “squeeze in between” appellee’s car and the vehicle in front of it, at which point appellant’s left rear bumper made contact with appellee’s right front bumper. This caused appellant’s car to fishtail and spin out of control. Appellant’s car finally came to rest when it collided with a lamppost in the median strip between opposite directions of traffic. Appel-lee stopped to check on appellant. When appellee came upon him he said “my bad[,]” and “I’m sorry this had to happen.” Appellant suffered two broken legs as a result of the accident.
At the close of evidence, appellee’s counsel moved for a directed verdict. The trial court denied that motion in light of appel-lee’s “my bad” comment, from which it found a reasonable juror could infer appel-lee admitted fault at the scene.
Later when discussing the instructions, appellant’s counsel requested the trial court include the last clear chance doctrine instruction, arguing that appellee observed appellant driving erratically and therefore should have known to avoid driving near him. Appellee’s counsel objected, arguing there was no evidence that appellant was oblivious to the danger his driving created. Ultimately the trial court denied the re *92 quest claiming, “I don’t think this is a last clear chance kind of case.”
The trial judge instructed the jury on the law they were required to apply in evaluating the case. Specifically, he instructed them that they were required to decide whether they believed appellee’s negligence was the proximate cause of the accident and, if so, whether they also believed that appellant’s negligence was a proximate cause. He also instructed the jury that their verdict required-unanimity.
After hearing the instructions and counsels’ closing arguments, the jury deliberated and returned their verdict, which was that appellee’s negligence was not the proximate cause of the accident.[1] Appellant’s counsel immediately requested a poll, which revealed that one juror did not agree with the announced verdict. Without prompting by either counsel or the trial court, the dissenting juror exclaimed “[b]ut everybody else is a yes[.]” Appellant’s counsel moved for a mistrial, arguing the dissenting juror revealed the split.[2] The trial court denied that request and ordered the jury to continue deliberating, eventually with the aid of further instruction in light of their impasse on the question of appellee’s liability.[3] Following the instruction, the jury sent a note to the trial court which stated, “it seems we agree not to agree. If the questions were reversed we all agree that both were at fault, per unanimous decision, ,., [W]e seem to agree it’s mostly Mr. Fisher.” Appellant’s counsel again moved for a mistrial, to which the trial court responded that “there’s no dispute that Mr. Fisher was negligent.” Despite appellant’s objection, the trial court dismissed the jury and entered judgment as a matter of law in appellee’s favor.
This timely appeal follows.
II.
“ ‘A trial court has broad discretion in fashioning appropriate jury instructions, and its refusal to grant a request for a particular instruction is not a ground for reversal if the court’s charge, considered as a whole, fairly and accurately states the applicable law.’ ” Howard Univ. v. Roberts-Williams, 37 A.3d 896, 905-06 (D.C.2012) (quoting Psychiatric Inst. of Wash. v. Allen, 509 A.2d 619, 625 (D.C.1986)). When deciding on potential instructions, a judge’s decision must be based on a “ ‘firm factual foundation.’ ” Nelson v. McCreary, 694 A.2d 897, 901 (D.C.1997) (quoting Johnson v. United States, 398 A.2d 354, 364 (D.C.1979)). Thus while a party is entitled to instructions supported by the evidence, Washington Inv. Partners of Del., LLC. v. Securities House, K.S.C.C., 28 A.3d 566, 577 (D.C.2011) (quoting George Washington Univ. v. Waas, 648 A.2d 178, 183 (D.C.1994)), a trial court does not abuse discretion unless its reasons for denying a requested instruction lack a “[suf *93 ficient] factual predicate.” Howard Univ., supra, 37 A.3d at 906 (alteration in original) (citation omitted). “In reviewing the trial court’s denial of a requested instruction on a party’s theory of the case, we view the evidence in ‘the light most favorable’ to the appellant.” Id. (quoting Nelson, supra, 694 A.2d at 901).
“In the District of Columbia, a plaintiff in a negligence action generally cannot recover when he is found contribu-torily negligent.” Washington Metro, Area Trans. Auth. v. Young, 731 A.2d 389, 394 (D.C.1999) (citing Felton v. Wagner, 512 A.2d 291, 296 (D.C. 1986)). An exception to this rule applies where a plaintiff can demonstrate that “the defendant had a superi- or opportunity to avoid the accident.” Id. at 394 (quoting Phillips v. District of Columbia Tran. Sys., Inc., 198 A.2d 740, 741-42 (D.C.1964)), This theory, known as the last clear chance doctrine, “ ‘presupposes a perilous situation caused by the negligence of both the plaintiff and the defendant; it assumes that after the situation had been created there was a time when the defendant could, and the plaintiff could not, avoid the accident.’ ” Id. (quoting Griffin v. Anderson, 148 A.2d 713, 714 (D.C.1959)). Proof of the following is required to garner the instruction:
(1) that the plaintiff was in a position of danger caused by the negligence of both plaintiff and defendant; (2) that the plaintiff was oblivious to the danger, or unable to extricate [himself] from the position of danger; (3) that the defendant was aware, or by the exercise of reasonable case should have been aware, of the plaintiffs danger and of [his] oblivion to it or [his] inability 'to extricate [himself] from it; and (4) that the defendant, with means available to him, could have avoided injuring the plaintiff after becoming aware of the danger and the plaintiffs inability to extricate [himself] from it, but failed to do so.
Felton, supra, 512 A.2d at 296 (citing Byrd v. Hawkins, 404 A.2d 941, 942 (D.C.1979)). Not every injured party is entitled to claim the doctrine, and the burden to establish its applicability rests with the plaintiff. Id. Moreover, last clear chance does not apply where “the emergency is so sudden that there is no time to avoid the collision, for the defendant is not required to act instantaneously.” Id. (citing Phillips, supra, 198 A.2d at 742).
On the basis of the record before us, we are satisfied that the trial court did not abuse discretion by refusing the plaintiffs request to instruct the jury on the last clear chance doctrine. Appellant was, at all times, in control of his vehicle and was responsible for its operation. This included his hurried and sudden maneuvers between traffic. There was no evidence appellant was incapable of avoiding the risks that accompanies such behavior. Furthermore, we are reluctant to say that appellant was oblivious to any danger posed by appellee’s car because changing lanes across multiple lanes (which is what the evidence showed appellant did just before the collision) always presents some danger. Thus, he failed to make the requisite showing under the second prong of Felton such that the trial judge was required to instruct on this doctrine. Supra, 512 A.2d at 296 (cited with approval in District of Columbia v. Huysman, 650 A.2d 1323, 1326 (D.C.1994) (plaintiff carries burden to establish each element)).
But even assuming, arguendo, this factor had been supported by.the evidence, appellant would still not have been entitled to the instruction because the evidence also established that the accident occurred under emergent circumstances — appellant unexpectedly moved from the center lane into the left lane (changing his previous *94 behavior of moving to the center lane and then back to his own lane in front of the car he passed), where his left rear bumper made contact with appellee’s right front bumper causing appellant to fishtail out of control. To avoid this accident, appellee would have been required to act instantaneously, which Felton’s fourth prong does not contemplate. Supra, 512 A.2d at 296.
As such, we conclude the trial court did not abuse discretion by denying appellant’s request to instruct the jury on the last clear chance doctrine.
III.
Appellant contends the trial court erred in denying its motion for a mistrial after a jury poll revealed the originally announced verdict was not unanimous. “Whether to order a mistrial is subject to the broad discretion of the trial court and our standard of review is deferential.” Blackwell v. Dass, 6 A.3d 1274, 1278 (D.C.2010) (applying abuse of discretion standard to judge’s decision to grant or deny mistrial in civil jury trial) (citations omitted). We will not reverse such a decision by the trial court unless “ ‘it appears unreasonable, irrational, or unfair, or unless the situation is so extreme that failure to reverse would result in a miscarriage of justice.’ ” Id. (quoting Lee v. United States, 562 A.2d 1202, 1204 (D.C.1989)).
Civil litigants are entitled to unanimous verdicts following jury trials in Superior Court. District of Columbia Trans. Sys., Inc. v. McLeod, 300 A.2d 440, 441 (D.C.1973) (citing Solar v. United States, 86 A.2d 538, 540 (D.C.1952)). They are also entitled to poll the jury before it is discharged to ensure its unanimity as to the verdict. Humphries v. District of Columbia, 174 U.S. 190, 194, 19 S.Ct. 637, 43 L.Ed. 944 (1899) (jury poll exists to ensure validity of announced verdict). We have held that where polling reveals that a juror dissents from the verdict, it is within the trial court’s discretion “to permit the jury to deliberate further and give them proper instructions[.]” Collier v. Young, 94 A.2d 645, 646 (D.C.1953) (citing Bruce v. Chestnut Farms-Chevy Chase Dairy, 126 F.2d 224, 225 (D.C.Cir.1942) (trial judge should require further deliberation by jury where polling reveals dissent among jurors)).
Here, one juror who was polled revealed that she disagreed with the verdict. Although she also asserted — unprompted by the judge or either counsel— that she was the only dissenting vote, she was not questioned as to her motive for dissent and, as the judge observed, there was no confirmation from other jurors that she was the lone dissenter. Further, the record reveals no attempt to coerce her into unanimity such that further deliberations would have been tainted. Simons v. Federal Bar Bldg. Corp., 275 A.2d 545, 554 (D.C.1971) (citations omitted). Nor does the record suggest that the juror was easily intimidated: she told the court, “everybody else is yes, ... but I’m not going to change[.]”
Therefore, given the trial court’s considerable discretion in this matter, we conclude that it did not abuse its discretion by denying appellant’s motion for a mistrial and requiring the jury to deliberate further.
IV.
Judgment as a matter of law is properly granted when there is “no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue[.]” Super. Ct. Civ. R. 50 (a) (i). In reviewing a trial court’s decision to enter judgment as a matter of law against a plaintiff, “the question for this court is whether a reasonable juror could have properly reached a verdict in favor of [the *95 plaintiff.” Washington Metro. Area Transit Auth. v. Ferguson, 977 A.2d 375, 377 (D.C.2009) (quoting Wilson v. Washington Metro. Area Transit Auth., 912 A.2d 1186, 1188-89 (D.C.2006)).
The conundrum faced by this jury is not without precedent. Similar circumstances arose in Blackwell, where we determined that a jury did not fail to follow its charge, and that the trial court did not abuse its discretion by amending the verdict form to combine the two standard negligence questions, when, during its deliberations, the jury indicated it was deadlocked as to the defendant’s liability, but unanimously agreed that the plaintiff was contributorily negligent. Supra, 6 A.3d at 1278-79 (citing Weeda v. District of Columbia, 521 A.2d 1156, 1162-64 (D.C.1987)). There we noted that the jury was attentive to its charge, and recognized the legal impact its conclusion — that the plaintiff was partially liable for the accident— would have on the verdict. Blackwell, supra, 6 A.3d at 1279-80.
This jury was equally attentive and savvy regarding the consequences of its findings. Although it was unable to reach a unanimous decision regarding appellee’s liability, the jury’s. post-poll notes to the trial court show that it recognized that this question was purely “academic[,]” id. at 1280 (quoting Weeda, supra, 521 A.2d at 1164), in light of its unanimous agreement that appellant was at fault. Thus not only would it have been impossible for this jury to find in appellant’s favor, it appears that it effectively found in appellee’s favor, but was merely confounded by the verdict form.
Consequently, we hold that the trial court did not err by entering judgment as a matter of law in appellee’s favor. See Ferguson, supra, 977 A.2d at 377; Super. Ct. Civ. R. 50 (a). The judgment is

Affirmed.

. In response to a jury note, the court had instructed the jury that "an injury or damage is proximately caused by an act or failure to act whenever it appears from a preponderance of the evidence that the act or failure to act played a substantial part in bringing about the injury or damage. Moreover, it must be shown that the injury or damage was either-a direct result or reasonably probable consequence of an act or failure to act.”

. The court commented that, despite the first juror's statement that "everybody else is a yes,” ”[w]e don’t know whether she’s the only one. We only got to her.” When appellant’s counsel pointed out that ”[n]o one else raised their hands, no one else said anything,” the court observed, “No one else had an opportunity to.”

. The trial court instructed the jury pursuant to Allen v. United States, 164 U.S. 492, 17 S.Ct 154, 41 L.Ed. 528 (1896), when they returned a note saying they were at an impasse with regard to appellee's liability.