# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JAMES JONES,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| v. | )    **Case No. 24-cv-124 (APM)** |
|  | ) |
| **WASHINGTON METROPOLITAN AREA** | ) |
| **TRANSIT AUTHORITY,** | ) |
|  | ) |
| **Defendant.** | ) |
|  | ) |

## ORDER

Before the court is Defendant's Motion to Partially Dismiss, or Alternatively, for Partial Summary Judgment, ECF No. 21 [hereinafter Def.'s Mot.].[1]  Because Defendant's Motion presents and relies on "matters outside the pleadings" and those matters are "not excluded by the court," the motion is treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(d); *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 805 (D.C. Cir. 2006).  For the reasons set forth below, the court denies the motion as to Plaintiff's property damage claim and declines to reach the issue of Plaintiff's lost earnings claim.  The court foregoes a detailed factual recitation and includes facts only as necessary to resolve the motion.

*First*, there remains a genuine issue of material fact as to whether Plaintiff's designated expert correctly classified the vehicle as a "total loss"—a determination that underlies the expert's calculation of Plaintiff's property damage.  *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48 (1986); Def.'s Mot. at 7; Pl.'s Opp'n to Def.'s Mot., ECF No. 23 [hereinafter Pl.'s Opp'n], at 3–5.  Defendant contends that Plaintiff's expert "simply *assumed* that the vehicle had been

---

[1] All citations to this document refer to the CM/ECF-generated pagination.

declared a total loss" without any "evidence to support that assumption." Def.'s Mot. at 7 (emphasis in original). Plaintiff, by contrast, points to his expert's review of "contemporaneous [post-accident] photographs" as the basis for the "total loss" determination. Pl.'s Opp'n at 4–5. Based on the expert's appraisal, Def.'s Mot., Ex. 7, ECF No. 21-7, and his deposition transcript, Def.'s Mot., Ex. 8, ECF No. 21-8, it remains unclear (1) the extent to which the photographs or any documented evidence informed the expert's opinion and (2) whether the expert possesses the requisite qualifications to opine on whether the vehicle was a "total loss." These issues—concerning the expert's methodology and qualifications—are more appropriately addressed through a motion in limine.

*Second*, the court declines to reach the issue of Plaintiff's lost earnings claim. Plaintiff testified that, in addition to driving for Empower, he also worked for other rideshare platforms, including Lyft. *See* Def.'s Mot., Ex. 4, ECF No. 21-4, at 101:18–102:4. That testimony, if credited, suggests that the accident may have interrupted Plaintiff's rideshare work more broadly—not merely his driving for Empower. Accordingly, Plaintiff may still be entitled to recover lost earnings. Although Defendant asserts that Plaintiff "failed to provide reliable data" to support his lost earnings claim, such as verified screenshots or 1099 income statements, Plaintiff's own testimony is sufficient to establish lost earnings. *See Morgan v. Psychiatric Inst. of Wash.*, 692 A.2d 417, 426 (D.C. 1997) (finding that there was "sufficient evidence in the record to allow the jury to make a reasoned judgment regarding damages of [plaintiff's] past lost wages," based on plaintiff's own testimony); *Grant v. Williams*, 94 A.2d 475, 477 (D.C. 1953) (finding that plaintiff's testimony "that she lost earnings of $25 per week for four months . . . was more than sufficient to justify the verdict which was rendered in her favor"); Def.'s Mot. at 8–9, 15. To the extent Defendant seeks to challenge the recoverability of Empower-specific lost earnings, the court

declines to resolve that narrower issue at this stage and finds it more appropriately addressed through a motion in limine. *See* Def.'s Mot. at 8–12; Pl.'s Opp'n at 6–9.

For the foregoing reasons, Defendant's Motion, ECF No. 21, is denied in part, and the court does not reach the issue of lost earnings at this stage.

Dated: July 17, 2025

Amit P. Mehta
United States District Judge